(March 2, 1885.)

## LUFKINS v. COLLINS.

[7 Pac. 95.]

SALE OF CHATTELS—DELIVERY—THIRD PARTIES.—When property sold in good faith is at the time in the care and custody of the third person, notice to said person of the said sale is sufficient to constitute a delivery as to subsequent purchasers or attaching creditors.

(Syllabus by the court.)

APPEAL from District Court, Alturas County. Reversed.

Kimball & Heywood, for Appellants.

An erroneous instruction is not cured by another instruction upon the same subject, which is correct, unless the former is specifically withdrawn. (*MacKey v. People,* 2 Colo. 13; *Murray v. Commonwealth,* 79 Pa. St. 311; *Rice v. Olin,* 79 Pa. St. 391; *Toledo etc. R. Co. v. Shuckman,* 50 Ind. 42; Thompson on Charging the Jury, sec. 69; *Harrison v. Spring Valley etc. Co.,* 65 Cal. 376, 4 Pac. 381.) The giving of inconsistent instructions is error, for the reason that the jury will be as likely to follow the one as the other. (*Henschen v. O'Bannon,* 56 Mo. 289, 292; *Pond v. Wyman,* 15 Mo. 175, 181; *Chicago etc. R. Co. v. Payne,* 49 Ill. 499; *Clem v. State,* 31 Ind. 480; *Selin v. Snyder,* 11 Serg. & R. 319; *People v. Campbell,* 30 Cal. 312.)

G. L. Waters, L. Vineyard, F. Ganahl, and Prickett & Lamb, for Respondents.

A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict cannot afterward dispute that fact in an action against the person who has himself assisted in deceiving. (*Anderson v. Armstead,* 69 Ill. 452; *Stewart v. Munford,* 91 Ill. 58; *Mayer v. Erkhardt,* 88 Ill. 542; *Nichols v. Pool,* 89 Ill. 491; *Lewis v. Lanphere,* 79 Ill. 187; *Kinnear v. Mackay,* 85 Ill. 96; *Sebright v. Moore,* 33 Mich. 92; *McNeil v. Bank,* 46 N. Y. 325, 7 Am. Rep. 341; *Moore v. Bank,* 55 N. Y. 41, 14 Am. Rep. 173; *McStea v. Matthews,* 50 N. Y.

166; *Dewey v. Field,* 4 Met. (Mass.) 381, 38 Am. Dec. 376, and note.)

BUCK, J.—This was an action of claim and delivery, tried at the June term of the district court, 1884. The action was brought to recover the possession of six mules, claimed to have been bought by plaintiff of Adams & Cunningham by bill of sale, dated November 22, 1882. The defendants claimed title to the property by virtue of a bill of sale from the same vendors, dated November 21, 1882. At the time the first bill of sale was executed and delivered to defendants, the property was in the care and custody of the plaintiff on the roadbed of the Oregon Short Line Railroad, then being constructed. The bill of sale was made at Pocatello, Idaho, and the property was about fifty miles from there. The six mules were a portion of seventy-one animals, included in the sale to defendants. Lufkins, the plaintiff, was in charge of said animals, as foreman of Adams & Cunningham, the vendors. On the morning of the day succeeding the sale to defendants, Mr. Stevens, one of the firm of Stevens & Collins, and Mr. Adams, one of the vendors, traveling toward the place where the animals were, met the plaintiff, Lufkins, and Mr. Adams informed him (the plaintiff) that they had sold the stock to defendants, and defendant Stevens then and there hired the plaintiff to continue in charge of the stock as the foreman of the defendants. The plaintiff then agreed to accept said employment, and then entered into the services of defendants.

The said stock was scattered along said roadbed some twenty or thirty miles, the principal portion being at the forty-third mile station. During the said twenty-second day of November, the plaintiff Lufkins, and defendant Stevens, with Mr. Adams, traveled over the line to said forty-third mile station, where all the stock was turned over. During the evening, while the stock was coming in, Adams & Cunningham executed to plaintiff the said bill of sale, dated on the 22d, in which they sold all "their right, title, and interest" to the six mules in dispute, the said stock being a part of the seventy-one head enumerated in the bill of sale to defendant made the day before. The plaintiff took possession of said six mules before they had been

turned over to defendants, and defendants afterward took them from plaintiff, and still hold them under claim that the title to the property passed to them, defendants, on the morning of the 22d, when plaintiff, having them in his possession, first received notice of the sale of said stock; the plaintiff, on the contrary, claiming that the title passed to him on obtaining possession of the stock on the evening of the 22d, the defendants having up to that time never had the property in actual possession under said bill of sale.

The court gave the following instruction to the jury on the request of the appellants: "When property sold in good faith is, at the time, in custody of a third person, notice to him of the sale is sufficient to constitute a delivery, as to subsequent purchasers or attaching creditors." This instruction is the law upon that point. (Benjamin on Sales, p. 672, sec. 675, note d; *How v. Taylor,* 52 Mo. 592; *Cofield v. Clark,* 2 Colo. 101; *Dempsey v. Gardner,* 127 Mass. 381, 383, 34 Am. Rep. 389.) This court also gave, at the request of respondent, another instruction, in which the following language is used: "But, in order to constitute such delivery, it is necessary that the seller, purchaser, and third party should all agree." To this modification of the former instruction the appellants excepted, and assign the same as error. The modification, being a portion of a long instruction asked for on the trial, probably was given without observing that it was a substantial contradiction of the other instruction. It seems to be unsupported by the authorities, and, being a contradiction in terms as to the law of the case, it falls within the rule that "the giving of inconsistent instructions is error, for the reason that the jury will be as likely to follow the one as the other," and also that "an erroneous instruction is not cured by another instruction upon the same subject which is correct, unless the former is specifically withdrawn." (*Mackey v. People,* 2 Colo. 13; *Rice v. Olin,* 79 Pa. St. 391; Thompson on Charging the Jury, sec. 69; *People v. Campbell,* 30 Cal. 312.)

The bill of exceptions contains several exceptions to the ruling of the court in the matter of instructions to the jury, and the admission of evidence, which would be interesting matters of consideration; but the views of the court upon the instruc-

tion already discussed being decisive of the case, the limited time at the disposal of the court will prevent a more extended discussion of them.

Judgment reversed, and new trial granted.

Morgan, C. J., concurs.

BRODERICK, J.—I do not question the law as stated in the syllabus of this case. I think it correct; but I cannot assent to all that is said in the opinion.