[No. 6867. Decided November 21, 1907.]

## MARGERY A. DUEBER, *Respondent*, v. GEORGE W. WOLFE, *Appellant*.[1]

QUIETING TITLE—PLEADING—COMPLAINT—SUFFICIENCY. That the complaint in an action to quiet title does not show that the plaintiff was in possession or that the land was unoccupied is not ground for objection, if it states facts entitling the plaintiff to any relief.

PLEADING — ANSWER — AFFIRMATIVE ALLEGATIONS—REPLY—NECESSITY. In an action to quiet title to property levied upon as that of the community and claimed by the plaintiff as her separate property, an answer affirmatively alleging that the same was community property, amounts to no more than a denial and requires no reply.

HUSBAND AND WIFE—WIFE'S SEPARATE PROPERTY—EVIDENCE—SUFFICIENCY. Evidence that a lot was purchased by a wife with funds she had at the time of her marriage and had kept about her person and under her immediate control for five years, is sufficient to sustain findings that the property was her separate property; the credibility of her testimony being for the trial court.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered May 13, 1907, upon findings .in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to set aside a sale of real property on execution, and to quiet title. Affirmed.

*W. W. Langhorne*, for appellant.

*Elliott & Hamaker*, for respondent.

[1]Reported in 92 Pac. 455.

FULLERTON, J.—March 9, 1906, the appellant Wolfe re-
covered a judgment in the superior court of Lewis county
against the respondent and her husband, George Dueber, on a
debt contracted by the husband for the benefit of himself and
his wife, the debt being a community debt. A writ of execu-
tion was issued on the judgment, and a certain lot in the town
of Winlock was levied upon and sold thereunder. The record
title to the lot stood in the name of the respondent, it having
been conveyed to her in 1879 by one Pagett for a considera-
tion of $40. After the sale of the lot under the writ, the
respondent began the present action to set the sale aside and
quiet her title to the lot, alleging in effect in her complaint that
the lot was her separate property, and not subject to sale in
satisfaction of a community debt of herself and her husband.
An answer was filed which put in issue the allegations of the
complaint, and set up affirmatively facts thought to show that
the property was subject to the community debts of the re-
spondent and her husband. To the affirmative answer no re-
ply was filed, and after the time fixed by rule of court for
filing a reply had expired, the appellant moved for a default
and judgment for want of a reply to the affirmative plea.
This motion the trial court denied, and afterwards entered
upon the trial of the cause, finding in favor of the respondent
and entering judgment in accordance with the prayer of her
complaint.

The first assignment necessary to be noticed, although not
the first in order in the brief, is the contention that the com-
plaint fails to state facts sufficient to constitute a cause of
action, in that it fails to allege that the plaintiff was either in
possession of the property or that it was unoccupied. The
complaint, however, stated the facts giving rise to the respec-
tive claims of the parties, and this was sufficient under the
rule in *Baldwin v. Baldwin*, 46 Wash. 106, 89 Pac. 483, re-
gardless of the question as to which of the parties was in the
possession of the property. *Spithill v. Jones*, 3 Wash. 290,

28 Pac. 531, and the subsequent cases holding a contrary doctrine being expressly overruled in that case.

The next contention is that the court erred in refusing to grant the appellant's motion for judgment on the pleadings, for the reason that the respondent did not deny the affirmative allegations in the answer. These allegations were, in substance, that the debt for which the judgment was obtained was a community debt contracted for the support of the community, and that certain improvements had been put upon the property with community funds. But these averments tendered no new issue. They but tended to show that the property levied upon and sold was community property, a question already at issue by the allegations of the complaint and the denials contained in the answer. The respondent therefore was not called upon to reply to them, and could not be put in default by failing so to do.

The questions of fact presented were resolved by the trial court in favor of the respondent. Counsel for the appellant criticizes the evidence on which these findings are based with some severity, contending that such evidence bears its untruthfulness upon its face. The respondent testified that the purchase price paid for the lot was a part of a larger sum which she possessed at the time of her marriage some five years before, and which she had kept about her person and under her immediate control during all of that time. Both she and her son testified that the first improvements put upon the lots were destroyed by fire sometime in the '90's, and that the buildings now on the premises were erected thereon by the son at his own cost and expense, and by him presented to the mother, after their use by the son for a short time, because she was then in somewhat straightened circumstances and he desired that she might have some independent means of support.

There is nothing in the record that directly contradicts these statements, and we do not think they are so inherently improbable as to be incapable of belief. It may be somewhat unusual for a married woman, whose husband was only in ordi-

nary circumstances, to keep specific pieces of money about her person and under her control for a period of five years, but some other reason that its mere improbability must be shown before an appellate court would be justified in discrediting it entirely. To determine the truthfulness of the statement the court must rely largely on the credibility of the witness, her character for prudence, truth and veracity, and where there is nothing in the record to impeach either of these, the witness' statements should not be discredited for the first time in a court that does not have the witness before it, and hence not the best opportunity to judge of her credibility.

The same thing can be said of the testimony of the son, who likewise stands unimpeached on the record. Moreover, it would seem that the time was not so remote since the buildings on the lot were erected but that his statement to the effect that he constructed them could have been controverted if untrue. We think the evidence justified the findings, and the judgment will stand affirmed.

HADLEY, C. J., RUDKIN, CROW, DUNBAR, MOUNT, and ROOT, JJ., concur.