[No. 11221.  Department One.  August 5, 1913.]

DAVIDSON FRUIT COMPANY, *Respondent*, v. PRODUCE
DISTRIBUTORS COMPANY, *Appellant*.[1]

APPEAL—REVIEW—VERDICT.  A verdict upon conflicting evidence
will not be disturbed on appeal if there is some evidence to sustain
it.

PLEADING—ANSWER—ARGUMENTATIVE DENIALS—BURDEN OF PROOF.
In an action for a balance due on a shipment of strawberries sold
to defendant, a so-called affirmative defense setting up that the
defendant received them on consignment and sold them for plain-
tiff's account for the best price obtainable, adds nothing to defend-
ant's general denial of a sale to him, and does not put upon defend-
ant the burden of proving the consignment.

APPEAL—REVIEW—HARMLESS ERROR—INVITED ERROR.  It is not
error of which the defendant can complain that the trial judge
treated his so-called affirmative defense as such and instructed the
jury that the burden of proving the same was upon the defendant,
although it contained no new matter and good pleading required
only a denial; especially where the defendant treated it as an af-
firmative defense at the trial and requested an instruction which
placed the burden of proving it upon him.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered December 21, 1912, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action on contract.  Affirmed.

*James Kiefer*, for appellant.
*S. W. Stark* and *Farrell, Kane & Stratton*, for respondent.

CHADWICK, J.—Plaintiff brought this action to recover a
balance alleged to be due upon a shipment of strawberries.
Plaintiff alleged a sale at a stipulated price.  This is denied
by the defendant.  It sets up affirmatively that the berries
were consigned to it as a produce broker, to be sold for the
account of plaintiff; that it sold the berries on the market
and has accounted for the proceeds thereof.  From a verdict

[1]Reported in 134 Pac. 510.

in favor of the plaintiff for the full amount alleged to be due, defendant has appealed.

It is first contended that the court erred in denying appellant's challenge to the evidence, and in denying the motion for a new trial because of the insufficiency of the evidence to sustain the verdict. The evidence is not as convincing as it might be, but there is a conflict and some evidence to sustain the verdict. In such cases, we have consistently refused to interfere with the judgment of the jury, or the discretion of the trial court.

The court fairly instructed the jury upon the plaintiff's theory of the case, saying:

"The burden of proof is upon the plaintiff to prove by a preponderance of the evidence all the material allegations which are alleged in the complaint and denied in the answer before the plaintiff can recover. And by the preponderance of the evidence is meant the greater weight of the evidence— not necessarily the testimony of the greatest number of witnesses, but the weight of the evidence which you have the right to believe and do believe to be true. . . . The material allegations which it is necessary for the plaintiff to prove in this case before it can recover are these: That the defendant agreed to pay $3 per crate for these five hundred crates of strawberries. If you find from the evidence that the plaintiff has proved these material allegations by a fair preponderance of the evidence, it will be your duty to find for the plaintiff in this case. On the contrary, if you find the plaintiff has failed to prove these material allegations by a fair preponderance of the evidence it will be your duty to find for the defendant in this case."

Treating the issue tendered by the defendant, and which it had supported by competent testimony, the court said:

"The burden of proof is upon the defendant to prove the material allegations alleged in its affirmative defense before you can find for the defendant under the affirmative defense. And the material allegations which it is necessary for the defendant to prove before you find for it under the affirmative defense are these: That these strawberries were shipped to the defendant as produce brokers, sometimes known as

commission merchants; that they were to sell the strawberries in the open market for the best price they could get under the circumstances and deduct therefrom $109 for freight, and $2 for cartage, and $25 for brokerage commissions, and transmit the remainder to the plaintiff. If you find that the defendant has proven these material allegations by a fair preponderance of the evidence it will be your duty to find for the defendant under this affirmative defense. . . . I think I said that one of the material allegations which the defendant must prove under this affirmative defense before you find for it under the affirmative defense, was that these goods should be sold in the ordinary course of business and for the best prices obtainable under the circumstances—that is one of the material allegations which must be proved by the defendant before you find for it under the affirmative defense. . . ."

It will be seen that the only question for the jury was whether there was a sale. If there was, plaintiff was entitled to recover. If there was not, it could not recover. Defendant might have relied upon its general denial. That it did not, but pleaded affirmatively the facts as it understood them to be, took no burden from the plaintiff, nor did it add any to the defendant; it was still incumbent on plaintiff to sustain its case by a preponderance of the evidence. The general rule is that, if a defendant sets up new matter, he must assume the burden of proof. As for instance, if a plea of contributory negligence, or a want or failure of consideration is interposed, the burden of sustaining such defense usually falls on the one pleading them. This rule is based upon the theory that the cause of action is admitted, and the plea is tendered as one of confession and avoidance. No new matter is pleaded in the answer before us.

"What the code calls a 'defence' in pleading, and which we sometimes call an affirmative defence, can, by the express words of the code, consist only of new matter constituting a defence, i. e., new matter which, assuming the complaint to be true, constitutes a defence to it; from which it is obvi-

ous that a denial or denials of the complaint can be no part of such defence." *Carter v. Eighth Ward Bank*, 33 Misc. Rep. 128, 67 N. Y. Supp. 300.

In setting up its version of the contract, defendant added nothing to its plea. A similar plea was made by way of an affirmative defense in *Peterson v. Seattle Traction Co.*, 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586. Exceptions being reserved to an order sustaining a demurrer to that part of the answer, this court held the demurrer to be well taken. Of the plea, the court said: "It added nothing to the denial already made. This defense cannot be construed as doing more than the denial." The rule is recognized and applied in *Williams v. Ninemire*, 23 Wash. 393, 63 Pac. 534; *Trumbull v. Jackman*, 9 Wash. 524, 37 Pac. 680; *Puget Sound Iron Co. v. Worthington*, 2 Wash. Ter. 472, 7 Pac. 882, 886.

We have said all this in the interest of good pleading, but it does not follow that the error is prejudicial. It has been frequently held that one will not be heard to object to an alleged error when invited by him, or to an erroneous instruction when given at his request. Appellant treated its denial as an affirmative defense, it so denominated it in its pleadings and tried its case upon that theory.

To hold, upon appeal, that the trial court should have detected appellant's error or oversight and instruct the jury upon the theory of denial, would be to relieve counsel of that duty which is forthcoming in every trial, and put a burden of precise, even technical, appreciation of the worth of pleadings upon the judge at the time the jury is instructed; whereas, it is his right to assume that the pleading offered by either party is drawn in conformity with established rules of practice and procedure. It was the duty of the judge to state the issues made by the pleadings. 38 Cyc. 1608. He was invited so to do, not by the pleadings alone, but by a request for an instruction in which appellant stated its

principal defense and actually assumed the burden of the proof which it now seeks to reject.

"If the jury find from a fair preponderance of the evidence that the car of strawberries in suit herein was consigned by plaintiff to defendant to be sold by defendant for a fixed and agreed price, and further find by such preponderance of the evidence that upon the arrival of the car the plaintiff was notified of the condition of the fruit, the late arrival of the car, and the state of the market, and the plaintiff then authorized the defendant to dispose of the car for the account of the plaintiff, the plaintiff cannot recover and the jury should find for the defendant."

Appellant cannot complain if the court put the burden where it would have been if its requested instruction had been given. Invited error is never held to be prejudicial. Blashfield, Instructions to Juries, § 39; Elliott, Appellate Procedure, §§ 625, 626, 627. In reviewing a case on appeal, courts have come to be more and more inclined to look to the effect of an alleged error rather than to the fact that an error was committed. In the instant case, the error was apparent rather than actual. There was but one issue. That is, whether there was a sale. The court said:

"So, you see, members of the jury, that the principles of law involved in this case are very few and very simple; the plaintiff's contention being that it sold these goods outright to the defendant for $3 a crate; the defendant's contention being that the plaintiff did not sell the goods to them for $3 a crate, but consigned the goods to the defendant for the defendant to sell as a commission broker and retain out of the amount received the charges which I have called your attention to. These are the two contentions in this case, and you will apply the law which I have given you as to the burden of proof in reference to those two contentions."

In a legal sense, and in the light of the whole record, appellant was not prejudiced; for we are bound to presume, in the absence of any objection or suggestion of error at the time the jury was instructed, that the jury found that

respondent had sustained its cause of action by a fair preponderance of the evidence.

Affirmed.

GOSE, PARKER, and MOUNT, JJ., concur.