[No. 11194.  Department One.  October 8, 1913.]

SMITH SAND & GRAVEL COMPANY, *Appellant*, v. D. C. CORBIN, *Respondent*.[1]

PLEADING — ANSWER — ARGUMENTATIVE DENIALS — CONTRACTS — BREACH—BURDEN OF PROOF. In an action to recover anticipated profits from the sale of rock, which plaintiff had contracted to remove from the defendant's land within a reasonable time, but which the defendant prevented by taking possession of the land, an answer denying defendant's violation of the contract, and setting up as an affirmative defense that plaintiff failed to perform his contract within a reasonable time, amounted to nothing more than a denial of the complaint; hence it was error to instruct that the burden of proof was upon the defendant to establish that plaintiff had failed to perform within a reasonable time.

EVIDENCE—BURDEN OF PROOF—SHIFTING. The making of a *prima facie* case does not shift the burden of proof.

CONTRACTS—ACTION FOR BREACH—PLEADING—COMPLAINT. A complaint for breach of contract states a cause of action when it alleges that defendant prevented the plaintiff from performing its contract to remove certain rock which on removal was to become plaintiff's property, and which it would have been able to sell at a price to realize a specific net profit over and above all costs of performance of the contract (CHADWICK, J., dissenting in part).

Appeal from an order of the superior court for Spokane county, Yakey, J., entered January 2, 1913, granting a new trial, after a verdict for the plaintiff, in an action on contract. Affirmed.

*O. C. Moore*, for appellant.

*Allen & Allen*, for respondent.

PARKER, J.—This is an action for damages, alleged by the plaintiff to have resulted to it from a breach of a contract on the part of the defendant. A trial before the court and a jury resulted in verdict and judgment in favor of the plaintiff. The defendant moved for a new trial. From the order granting the same, the plaintiff has appealed.

[1]Reported in 135 Pac. 472.

On July 29, 1909, the parties entered into a contract in writing whereby appellant agreed to remove rock from land of respondent in Spokane, for which he was to be paid by respondent at the rate of fifty cents per cubic yard, the rock to be removed to a level of six inches below the grade of the adjoining street. The written contract is silent as to the time within which the work was to be completed, and also as to appellant's right of disposition of the rock, as his own, upon removal thereof from respondent's land. It is conceded that the question of time of performance is controlled by the rule of reasonable time. Appellant's first cause of action is simply for a balance due for rock removed, of $3,188. Appellant alleged in its second cause of action, in substance, that, between October 3, 1910, and March 24, 1911, respondent gave it several notices in writing demanding removal of its machinery and equipment from the land, assigning as reasons therefor that the contract had come to an end by lapse of time; that, in March, 1911, respondent took possession of the land and prevented further removal of the rock by appellant. It is further alleged:

"That, in addition to the sum of Fifty cents (50c) per cubic yard, which defendant, by the terms of said contract, stipulated to pay plaintiff for the removal of said rock which by oral understanding and agreement between the parties was to become, when excavated, the property of this plaintiff, plaintiff would have been able to sell and dispose of said Thirteen Thousand (13,000) yards of rock in a manner and at a price which would have enabled plaintiff to realize in connection with the amount agreed to be paid to plaintiff by defendant, the net sum of Ninety-four (94c) Cents per cubic yard for the removal of said rock over and above all expenses incurred in connection with the removal thereof, and plaintiff alleges that it was at all times willing, able and desirous of removing said rock and completing said contract according to the terms thereof and that had it been permitted to do so, it would have derived a net profit of Ninety-four cents (94c) per cubic yard on each and every cubic yard of rock remaining on said premises, making a total of Twelve Thousand Two Hundred and Twenty ($12,220) Dollars."

The jury found in favor of appellant in the sum of $5,013; so it is plain that they found in appellant's favor in the sum of $1,800, or more, upon the second cause of action. This fact becomes material here, since we are concerned principally with the second cause of action. Respondent's answer to appellant's second cause of action is, in substance, a denial of his violations of the terms of the contract in giving the notices to appellant to vacate, and in taking possession of the land and preventing further removal of the rock by appellant. In the subdivision of his answer denominated "further answer and defense," respondent set up affirmatively, at some length, facts to show that he had not violated appellant's right in taking possession of the land. The whole substance of these affirmative allegations is that appellant did not proceed with reasonable diligence and did not complete the removal of the rock within a reasonable time; the theory of respondent's defense manifestly being that there was no longer any binding contract in existence.

In ordering a new trial, the court stated its reasons therefor, which are preserved in the statement of facts. One of the reasons so stated by the court was error in its instructions to the jury touching the burden of proof. The particular instruction which the trial court, upon reflection, concluded it had erroneously given to the jury, reads as follows:

"You are further instructed that the burden of proof is upon the defendant to prove his affirmative defense by a fair preponderance of the evidence. That is to say, the burden of proof in this case is upon the defendant to prove to you by a fair preponderance of the evidence that the plaintiff was not proceeding to perform its contract with reasonable diligence, and was not attempting to complete said contract within a reasonable time; and if, after a full and fair consideration of all the evidence in this case, you do believe that the plaintiff was not prosecuting its work with reasonable diligence and was not attempting to complete said contract within a reasonable time from the date of entering into the same, then I instruct you that the plaintiff cannot recover in this case upon the second cause of action."

The remarks of the trial judge plainly show that, upon re-
flection, he became convinced that the affirmative allegations
in the answer to the second cause of action amounted to noth-
ing more than denials of the facts alleged in the complaint as
to respondent having wrongfully taken possession of the land,
and that, therefore, such so-called "further answer and de-
fense" was not in fact an affirmative defense, but was, in sub-
stance, nothing more than a denial of the facts pleaded by
appellant, upon which it rested its right of recovery. We
are constrained to agree with the learned trial court in this
construction of the pleadings. This being true, it follows
that the cause could have been tried upon the issues framed
by the complaint and denials of the answer, and that no reply
to this so-called further answer was necessary. *Raymond v.
Morrison*, 9 Wash. 156, 37 Pac. 318; *Dueber v. Wolfe*, 47
Wash. 634, 92 Pac. 455; *Davidson Fruit Co. v. Produce Dis-
tributors Co.*, 74 Wash. 551, 134 Pac. 510. We are of
the opinion that the burden of proof was not as stated in the
instructions given, but as held by the trial court upon its
disposition of the motion for a new trial. It follows that the
court was not in error in granting a new trial.

Some contention is made rested upon the alleged shifting
of the burden of proof. It is said that the admission of the
making of the contract on the part of respondent, in effect,
constituted the making of a *prima facie* case against him;
upon which counsel seem to argue that this resulted in shift-
ing the burden of proof. We do not understand that the
establishing of a *prima facie* case sufficient to go to the jury
has the result of shifting the burden of proof. The jury are
not necessarily bound to find for the plaintiff upon the making
of a *prima facie* case. *Prima facie* case means only that the
case has proceeded upon sufficient proof to that stage where
it must be submitted to the jury, and not decided against the
plaintiff as a matter of law. A *prima facie* case does not nec-
essarily mean that judgment goes in favor of the plain-
tiff as a matter of law. The jury are still the judges of

the sufficiency of the showing to call for a verdict in plaintiff's favor, and where there is no affirmative defense, strictly speaking, the jury are to measure plaintiff's rights, having in view that he has the burden of proof.

Other remarks of the judge made upon disposition of the motion for a new trial indicate that he also rested his ruling upon other grounds. We are not entirely clear as to what these exact grounds were, though one of them seemed to be that the facts stated as a second cause of action did not constitute a cause of action. We cannot agree with the learned trial judge in this view, however. It seems to us a reading of the allegations of the second cause above quoted shows, if true, that plaintiff's rights were invaded, to its damage.

We are of the opinion that there was no error in the granting of a new trial. The order appealed from is affirmed.

CROW, C. J., GOSE, and MOUNT, JJ., concur.

CHADWICK, J. (dissenting)—The statement of the majority that the allegation quoted in the opinion, if true, constitutes a cause of action, is misleading. Standing alone, it does not state a cause of action. It is only when coupled with the presumption that the parties had in mind that the rock should be removed within a reasonable time, that the dignity of a cause of action can be given to the charge. All that can be made out of the record, when considered in its entirety, is that respondent employed appellant to remove rock from his land. The contract was entered into on the 29th day of July, 1909. Respondent gave notice to the appellant in March, 1911. An unreasonable time had elapsed. Appellant admits that the rock might have been removed in a very much shorter time, but it seeks to maintain an action for damages against respondent by asserting that there was a contemporaneous agreement or understanding that he would sell the rock at a profit. It is not denied by respondent that appellant could do as it pleased with the rock, but it does not follow that respondent took upon himself the uncertainties and vicissitudes

of the market. Appellant admits that it did not remove the rock because of market conditions. If, then, we give the quoted allegation the character of a cause of action, we have not only charged respondent with an understanding that the rock was to be sold, but that it was to be sold at a profit and that the time in which the rock was to be removed is to be measured by reference to the convenience and necessities of the appellant alone. The effect of such holding is to make the respondent, whose only object in entering into the contract was confessedly to have the rock removed within a reasonable time, a guarantor of a profit which appellant alleges would have amounted to $12,220. I think this will be the first case in the books where a man has employed another to clear a piece of land, and has been held liable to answer for anticipated profits to be realized out of a commodity for which there was no certain demand, and which the record shows has no certain market price, and which is as abundant in and about the city of Spokane as the air we breathe. The case nowhere touches the cases allowing anticipated profits, for the reason that that question, if it can arise at all, could not arise until the appellant had shown a full performance—that is, that a reasonable time had not elapsed when respondent ousted him from his premises. The question of profits in so far as it applies to this case, is covered by the case of *Benjamin v. Puget Sound Commercial Co.*, 12 Wash. 476, 41 Pac. 166.

To this extent, I dissent from the holding of the majority.