[No. 18956.   Department Two.   March 6, 1925.]

ADOLPH H. SCHMITZ, *Respondent*, v. J. M. MATHEWS,
*Appellant*.[1]

PLEADING (59-1)—ANSWER—AFFIRMATIVE DEFENSE—BURDEN OF
PROOF.   It is prejudicial error to instruct that the burden of proof
is upon defendant to establish his affirmative defense to a complaint
for money loaned, alleging that the money was paid for stock sold,
since it adds nothing to the general denial and raises no affirmative
issue.

APPEAL (385)—REVIEW—INVITED ERROR.   Error in casting the
burden upon defendant of proving allegations of an affirmative
defense which added nothing to a general denial, is not invited by
pleading the matter as an affirmative defense, especially where
defendant requested a proper instruction as to the burden of proof.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered June 7, 1924, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for money loaned.   Reversed.

*Carkeek, McDonald, Harris & Coryell,* for appellant.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for
respondent.

MACKINTOSH, J.—Respondent's complaint alleged
that he advanced $600 to the appellant, which the ap-
pellant has failed to repay.   The appellant's answer
denied that the $600 was advanced as a loan, and, as
an affirmative answer, alleged it was given as part pay-
ment of the purchase price of stock owned by appel-
lant, and that respondent had failed and refused to pay
the balance of the purchase price.   The answer did not
ask for any affirmative relief, but merely that re-
spondent's action be dismissed.   The only alleged error
which we are called upon to consider arises from the
giving of two instructions to the jury.

[1]Reported in 233 Pac. 660.

One of these was to the effect that, if the jury believed that the evidence was evenly balanced as to whether the agreement was as alleged by respondent or as claimed by appellant, the verdict should be for appellant, as respondent had the burden of proving the allegations of his complaint by a fair preponderance of the evidence. The other instruction was that the burden of proof was on the appellant to support by a fair preponderance of the evidence the allegations contained in his affirmative defense, and that, if appellant had failed to prove these material allegations, it would be the jury's duty to find for the respondent.

These instructions are concededly conflicting and contradictory and must have been confusing to the jury. The burden of proof is not upon a defendant to prove any allegations of his affirmative defense when the affirmative defense, as here, adds nothing to the general denial and raises no affirmative issues. When such instructions are found, the error is prejudicial. See *Fireman's Fund Insurance Co. v. Oregon-Washington R. & Nav. Co.*, 96 Wash. 113, 164 Pac. 765, where many cases from this court are cited.

The respondent argues, however, that the appellant is in no position to complain of the instructions, for the error, which it is tacitly conceded exists, was one which the respondent asserts was invited by the appellant. It is true, the issues were confused by appellant having interposed what he saw fit to denominate an affirmative defense, whereas it was nothing more than a general denial. But this is not an invitation to the trial court to commit error—it is merely an opportunity. Enthusiastic reliance is placed upon the decision of this court in *Davidson Fruit Co. v. Produce Distributors Co.*, 74 Wash. 551, 134 Pac. 510, where we held that, under pleadings very similar to those in the case at bar, instructions similar to those given by the

trial court here would not justify a reversal, for the reason that the error had been invited. An examination of that case, however, shows that there the appellant specifically requested the court to instruct that the burden was on him to prove the affirmative matter set up in his answer, and that the court having accepted that invitation, the appellant could not thereafter complain. Here, however, although the appellant put into his answer affirmative matter, he did no more than was said in the *Davidson* case, *supra,* the defendant there did, that is, "in setting up its version of the contract defendant added nothing to its plea," and this superfluous pleading, standing alone, can hardly have been an invitation to the trial court to lay the burden of proof upon the appellant. Even if it were such an invitation, in this case we find that the appellant himself withdrew the invitation by requesting the court to give a proper instruction, for the record shows he asked this instruction; that the burden was upon the respondent to prove that the $600 had been paid to the appellant as a loan, and that the respondent must prove this by a fair preponderance of the evidence, saying:

"Should you believe that the evidence was evenly balanced as to whether or not the agreement was as alleged by the plaintiff or as claimed by the defendant, then your verdict should be for the defendant, for the reason, as I have instructed you, that the plaintiff has the burden of proving the allegations of the complaint by a fair preponderance of the evidence."

Clearly, therefore, there is no room for successfully claiming that the error was invited, the converse representing the actual situation.

The judgment is reversed, and the cause remanded with directions that a new trial be had.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.