[No. 19931.  Department Two.  December 17, 1926.]

Adolph Schmitz, *Respondent*, v. J. M. Mathews, *Appellant*.[1]

[1] Evidence (104)—Statements by Persons other than Parties. In an action to recover money loaned to one of the officers of a corporation to enable it to meet its pay roll, it is not error to allow testimony of a conversation with another officer, for whom defendant was an agent, tending to establish that the money was a loan for that purpose.

[2] Appeal (463)—Review—Harmless Error—Instructions — Applicability to Issues and Evidence. Error cannot be predicated upon an instruction wholly outside of the issues or requests of either party, where it could not have been prejudicial.

[3] Frauds, Statute of (60)—Instructions. Defendant's claim to money as a part payment upon the sale of stock was not prejudiced by an instruction upon the statute of frauds where, upon his own theory, the case was taken out of the operation of the statute by part payment.

Appeal from a judgment of the superior court for King county, Kuykendall, J., entered December 12, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action for money loaned.  Affirmed.

*Carkeek, McDonald, Harris & Coryell,* for appellant.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for respondent.

Askren, J.—In 1923, the plaintiff was negotiating for the purchase of certain shares of the capital stock of the West Seattle Laundry, a corporation, owned by defendant.  The deal was handled by one Huntoon, an officer in the corporation, the parties hereto never meeting each other, nor having direct connection, until a long time afterwards.  While the negotiations were in progress, a blank check for six hundred dollars was

[1]Reported in 251 Pac. 571.

given by the plaintiff to Huntoon, and by him made payable to the defendant. No purchase was concluded between the parties, and later this suit was brought to recover the six hundred dollars.

The complaint alleged that this amount was advanced as a loan, because it was represented to the plaintiff that the corporation was unable to meet its payroll. The defendant admitted receipt of the money, but alleged that it was received as part payment on the purchase price of the stock. At the conclusion of the trial, the jury returned a verdict for plaintiff, and judgment being entered thereon, defendant appeals.

[1] It is urged that the court erred in admitting testimony of conversations between one Dignan, also an officer of the corporation, and respondent. The same error is urged as to conversations between Huntoon and respondent. Both Huntoon and Dignan bore out Schmitz's testimony that the check was given for the purpose of meeting the payroll. Little argument is needed on this point. The testimony objected to showed that the statements were made to respondent to obtain the check for six hundred dollars. As we have seen, both Huntoon and Dignan were officers of the corporation, and Huntoon was acting as agent for both parties in the sale of the stock. Surely, it was not violative of the hearsay rule to allow evidence of the circumstances under which the check was secured for a specific purpose, to wit: the meeting of the payroll.

[2] It is contended that the court erred in giving an instruction on the statute of frauds. The instruction was practically a repetition of the statute as applied to contracts for the sale of personal property. Neither side requested the instruction, and it was unnecessary, under any view of the evidence, and wholly

outside the contentions of the parties. But we cannot see that prejudicial error has resulted.

[3] It is said by appellant that, because no memorandum or agreement in writing was entered into between the parties, the jury would think that no agreement had been made as testified to by appellant. However, this overlooks the fact that the instructions also provided that such a contract, although not in writing, would be valid if something in earnest was given to bind the bargain or in part payment thereof; which was done, if appellant's theory was correct, for it was undisputed that the six hundred dollars was given,— the only dispute being as to what it was given for.

Other objections are urged in an apparently cursory manner, and without citation of authority. We are content to dispose of them in like manner, by saying that, even if the evidence objected to was incompetent, we can hardly believe that it was prejudicial, or that the verdict would have been any different had such testimony not been received. A like result was reached by a jury in the first trial of this action, *Schmitz v. Mathews*, 133 Wash. 335; 233 Pac. 660, which was reversed because of conflicting instructions given by the trial court.

Judgment affirmed.

TOLMAN, C. J., MACKINTOSH, BRIDGES, and PARKER, JJ., concur.