(Nos. 6202 and 6203.   December 9, 1935.)

VIRGINIA LEE CRAIG, a Minor, by HAROLD A. CRAIG, Her Guardian ad Litem, Respondent, v. VILLAGE OF MERIDIAN, a Municipal Corporation, Appellant.

HAROLD A. CRAIG and LaVERNE A. CRAIG, Husband and Wife, Respondents, v. VILLAGE OF MERIDIAN, a Municipal Corporation, Appellant.

[52 Pac. (2d) 145.]

William B. Davidson and Sidman I. Barber, for Appellant.

Delana & Delana, for Respondents.

GIVENS, C. J.—On May 29, 1930, about 8 P. M., Mrs. LaVerne Craig accompanied by her father and her three year old daughter, driving down Second Street in Meridian, Idaho, ran into an open ditch, approximately eighteen inches in

width and about two feet deep, excavated by appellant for the placing therein of water-pipes, and the daughter was thrown into the windshield, breaking the glass, receiving injuries to her left eye requiring its removal. Case No. 6202 was brought in the name of Virginia Lee Craig, the daughter, by Harold A. Craig, her father and guardian *ad litem*, for her injuries, and case No. 6203 was brought by Virginia's mother and father to recover damages for medical expenses and for their loss of time, worry, grief, suffering, etc. While the cases were separate and distinct, they were consolidated for purposes of trial and appeal, and will be so considered here.

Appellant assigns as error instructions given and rejected, and the overruling and denying of its motion for a new trial.

Respondents' cases alleged appellant was negligent in not providing suitable and adequate notice, signs or watchman at or along the ditch in the street to warn persons driving on the intersecting and adjacent streets. Appellant on the other hand denied any negligence on its part and alleged a wooden lighted barrier and the dirt excavated from and piled along the ditch in the road gave sufficient notice and warning of the ditch, and that Mrs. Craig was contributorily negligent by reason of excessive rate of speed, defective brakes and failure to use due care to observe the alleged wooden barricade, light and dirt embankment.

Appellant urges as reversible error the following part of Instruction No. 7:

"The burden of proving that there were signs, barricades, or other means of giving notice or warning to persons of the unsafe condition of said street, and that such signs, barricades, or other means of notice or warning, were of such character and so placed as to be reasonably adequate for the purpose of giving notice or warning, is upon the defendant."

The rule is well established that the burden of proving negligence by a preponderance of the evidence remains upon the plaintiff throughout the trial (45 C. J. 1162, 1163), and the court properly instructed the jury to that effect in Instruction No. 15 as follows:

"I have in these instructions in two or three instances told you that the burden of proving certain facts was upon the one or the other of the parties to this action.

"*In addition to those instances,* I instruct you *also* generally that the burden of proving that the defendant was guilty of negligence which was a proximate cause of the accident and resulting injuries to Virginia Lee Craig, is with the plaintiffs. . . . . (Italics ours.)

It was incumbent on respondents in establishing defendant's alleged actionable negligence to prove that there were no signs, barricades or other means of giving notice or warning, or if there were, that they were not sufficient to give the proper notice of the unsafe condition of said street. The instruction complained of by appellant is, however, directly in conflict with Instruction No. 15, in that the jury was told unequivocally that "the burden of proving that there were signs, barricades, or other means of giving notice . . . . were of such character and so placed as to be reasonably adequate for purpose of giving notice or warning *is upon the defendant*" (italics ours). Such direct conflict could not but leave the jury in a dilemma as to which rule to follow. The correct instruction merely added to the difficulty.

Respondent tacitly admits No. 7 was erroneous or at least does not attempt to justify or uphold it, except by the argument that since in the case wherein the child was plaintiff by her guardian she could not be charged with the contributory negligence of her mother, if any, and that since the jury found for respondents in both cases, it must follow the mother was not guilty of contributory negligence in either case. Granted, for the sake of argument only and not as a substantive proposition, such conclusion has no bearing on the burden of proof as to this allegation in the complaint:

" . . . . defendant wilfully, carelessly, negligently and wrongfully failed to place thereon and warning sign reasonably calculated to warn persons driving by automobile in said street, and particularly on the right hand half of said Second Street through said intersection, of any ditch opening or obstruction, making it unsafe for travel thereon, and that

said defendant was careless, negligent and wrongful in failing to place on or near said ditch, any warning sign, signal or watchman or warn travelers of impending danger in traveling north and south on said Second Street through said intersection by automobile or otherwise; . . . . "
pleaded by respondents as the negligence entitling them to recover. If there had been no issue of contributory negligence the burden would have been on respondents to prove appellant's negligence and by pleading contributory negligence appellant did not admit its negligence. (*Rogers v. Davis*, 39 Ida. 209, 228 Pac. 330.) True, appellant alleged in its answer that adequate signs, etc., had been placed along the open ditch, but the burden of proof as to this issue was either on appellant or respondent, and could not be on both, but that is where the instruction placed it. In negligence actions the burden is on the plaintiff. (*Holt v. Spokane & Palouse Ry. Co.*, 4 Ida. 443, 40 Pac. 56; *Maloney v. Winston Bros. Co.*, 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634.)

If the court meant to instruct as to the duty of ''going forward'' as Wigmore, vol. 5, page 449, section 2489, and others announce the rule, it did not so state. (*Hunt v. Eure et al.*, 189 N. C. 482, 127 S. E. 593.) Nor can the instruction be considered as not prejudicial as in the nature of invited error under *Kiesel v. Bybee*, 14 Ida. 670, 95 Pac. 20, because there the defendants could have compelled by demurrer the amendment of the complaint thereby placing upon plaintiff the burden of proof, but they elected not to do so and by the denials in their answer assumed the burden of proof. Nor was there in that case any question of conflicting or contradictory instructions.

This precise point has been considered by the Washington court and the correct rule announced in *Schmitz v. Mathews*, 133 Wash. 335, 233 Pac. 660 (second case), wherein the court distinguishes *Davidson Fruit Co. v. Produce Distributors Co.*, 74 Wash. 551, 134 Pac. 510 (second case), and lays down the rule applicable in the case at bar, since the defendant herein did not request any instruction placing upon it the burden of proof, thus:

"The respondent argues, however, that the appellant is in no position to complain of the instructions, for the error which it is tacitly conceded exists was one which the respondent asserts was invited by the appellant. It is true the issues were confused by appellant having interposed what he saw fit to' denominate an affirmative defense, whereas it was nothing more than a general denial. But this is not an invitation to the trial court to commit error; it is merely an opportunity. Enthusiastic reliance is placed upon the decision of this court in *Davidson Fruit Co. v. Produce Distributors Co.*, 74 Wash. 551, 134 Pac. 510, where we held that, under pleadings very similar to those in the case at bar instructions similar to those given by the trial court here would not justify a reversal, for the reason that the error had been invited. An examination of that case, however, shows that there the appellant specifically requested the court to instruct that the burden was on him to prove the affirmative matter set up in his answer, and that, the court having accepted that invitation, the appellant could not thereafter complain. Here, however, although the appellant put into his answer affirmative matter, he did no more than was said in the Davidson Case, *supra,* the defendant there did; that is, 'in setting up its version of the contract, defendant added nothing to its plea,' and this superfluous pleading, standing alone, can hardly have been an invitation to the trial court to lay the burden of proof upon the appellant."

The argument that the appellant may not now complain because it did not request an instruction placing the burden of proof on plaintiff does not avoid the error because the court did so properly instruct. The vice of the erroneous instruction and the prejudice arises not from failure to instruct properly but in affirmatively giving two contradictory instructions. Absence of request bars relief for failure to give, but does not so apply to an erroneous instruction given.

Instructions so conflicting constitute reversible error. (*Lufkins v. Collins*, 2 Ida. 150, 7 Pac. 95; *Holt v. Spokane & Palouse Ry. Co., supra; Giffen v. City of Lewiston,* 6 Ida.

231, 55 Pac. 545; *Portneuf-Marsh Valley Irr. Co. v. Portneuf Irr. Co.*, 19 Ida. 483, 114 Pac. 19; *Smith v. City of Rexburg*, 24 Ida. 176, 132 Pac. 1153, Ann. Cas. 1915B, 276; *French v. Tebben*, 53 Ida. 701, 27 Pac. (2d) 475. See, also, note, 42 A. L. R. 868, 869; *Motiejaitis v. Johnson*, 117 Conn. 631, 169 Atl. 606; *McDowell v. Norfolk Southern R. R. Co.*, 186 N. C. 571, 120 S. E. 205, 42 A. L. R. 857; *Lincoln Traction Co. v. Webb*, 73 Neb. 136, 102 N. W. 258, 119 Am. St. 879; *Preston v. Des Moines Ry. Co.*, 214 Iowa, 156, 241 N. W. 648; *Lewis v. Casenburg*, 157 Tenn. 187, 7 S. W. (2d) 808, 60 A. L. R. 254; *Day v. Consolidated Light & Ice Co.*, 136 Mo. App. 274, 117 S. W. 81; *Kay v. Metropolitan St. R. Co.*, 163 N. Y. 447, 57 N. E. 751.)

Appellant's assignments Nos. II, III, IV and V may be considered together, since they test the instructions covering the question of notice or warning and the duty of the driver not to proceed or attempt to proceed unless it could be seen that a safe passage existed. Part of Instruction No. 7, while not couched in the language requested by appellant:

"You are therefore instructed that it is for you to determine from the evidence in these cases, whether, at the time of the accident complained of by the plaintiffs, there was a barricade, or a lantern or an embankment of earth *or either* or any such sign, signal or warning device, and, if you find that there was or were such barricades, or lantern, or embankment, *or either or all,* it is for you to determine from the evidence whether the same, or either of them, were of such character, and were so placed, or were visible, as to be adequate under the circumstances and conditions, to give timely warning to the plaintiff . . . . of the unsafe condition of said street and intersection . . . . " (italics ours).

was not in the particulars questioned inadequate.

The next assignments, VI, VII and VIII, all deal with the correctness of the instruction with regard to proximate cause. The instruction complained of is as follows:

"Proximate cause, as used in these instructions, means merely a cause from which a man of ordinary experience and sagacity could foresee that the result which did follow

such negligence, or some similar result, might, or would likely ensue.''

Appellant argues the proper instruction to be:

''A proximate cause is the ordinary and natural result of the omission or negligence complained of; what is natural and might have been reasonably expected to occur. Where not reasonably anticipated as a probable consequence and the result would not have followed had not some new and independent cause interrupted the natural sequence of events and turned aside their course it is the remote, while the independent intervening act is the proximate cause.''

Since the case is reversed on other grounds, it is not necessary to decide if the instruction given was prejudicial or not, but the instruction should have contained language limiting the word "might" as contained in *Antler v. Cox,* 27 Ida. 517, 149 Pac. 731, where this court said:

''The rule is thoroughly established by the authorities that proximate causes are such as are the ordinary and natural result of the omission or negligence complained of, and are usual and might have been reasonably expected to occur.''

And in *Scrivner v. Boise Payette Lumber Co.,* 46 Ida. 334, 268 Pac. 19:

''The principles to be drawn from the authorities are that in order that a subsequent independent act of negligence shall not displace a former one as the proximate cause, or to constitute the first of the two acts of negligence the proximate cause of an injury, it is necessary that the succeeding act of negligence should be so connected with the first in time and nature as to make it plain that the damage was the natural and probable consequence of the original wrongful act or omission, and that to establish this the original negligence must have been such that it must have been known to or anticipated by the original wrongdoer that in the natural course of human conduct, a succeeding act of negligence was at least likely to be committed, or, as said in *Lynch v. Nurdin,* (12 Q. B. Ad. & E., N. S., 29), it was extremely probable that some other person would unjustifiably set in motion the

dangerous instrumentality or negligent condition created by the original wrongdoer, and thus cause an injury. . . . .

"No two reasonable minds could differ upon the fact that this was not 'extremely probable' or 'likely' or even to be anticipated 'within the range of reasonable foresight' . . . . "

Appellant further argues that it was error to disregard the negligence of a third person unless the jury found that it was not the sole proximate cause. The instructions given were, however, sufficient in that they charged this:

" . . . . but said Laverne A. Craig's contributory negligence is not imputed to the said Virginia Lee Craig, and you will disregard the same as a defense in the case brought by and in behalf of the said Virginia Lee Craig, and determine the latter case upon the question whether the defendant Village of Meridian was or was not guilty of negligence and whether, *if you find that it was negligent, its negligence was a proximate cause* of the injuries to the said Virginia Lee Craig.

"Instruction No. 14.

"In several of the foregoing instructions I have used the term 'proximate cause,' as that the negligence of the defendant, if the defendant was negligent, *must,* in order to hold the defendant liable therefor, have been a proximate cause of the accident and resulting injuries to Virginia Lee Craig. . . . . "
(*Italics* ours.)

Appellant argues in this connection:

"That defendant may have been negligent was not enough to charge it with liability. If the result was not one reasonably to be anticipated, and if the carelessness of Laverne Craig was the sole proximate cause the defendant was not liable. It is held error to disregard the negligence of a third person unless the jury find that it was not the sole proximate cause."

Of the cases cited in support of this proposition, *Gulf, C. & S. F. Ry. Co. v. Loyd,* (Tex. Civ. App.) 175 S. W. 721, involved negligence of one minor as attributable to another minor. *Howard v. Scarrit Estate Co.,* 267 Mo. 398, 184 S. W. 1144, was where parents sued for injury to the child, not where the child sues for its own injuries. *Horton & Horton*

*v. House,* (Tex. Civ. App.) 13 S. W. (2d) 966, did not involve imputable negligence. 45 C. J. 1357, sec. 933, does discuss imputed negligence but indicates that in jurisdictions where negligence cannot be imputed to the infant child, the contributory negligence of the third person does not inure to the benefit of the defendant to defeat the minor's cause of action, and appellant accepted as the law of this case that as to the child the contributory negligence of the parent could not be considered, by this portion of its requested instruction No. 6:

"The court instructs you that while such want of reasonable care upon the part of LaVerne Craig would be an absolute defense to the action of said plaintiffs upon their own behalf, that it is not such a defense to the action of Harold A. Craig as Guardian of Virginia Lee Craig, but that in the latter action it is merely a circumstance to be considered in determining whether the defendant failed to exercise reasonable care in giving warning of such ditch, and whether any such acts of defendant were the proximate cause of the accident, as defined in these instructions."

As to the portion of the request which indicated that contributory negligence might be considered in determining the sufficiency of the warning devices, etc., of the ditch, such point was properly submitted to the jury under the correct portion of Instruction No. 7; the court, however, should have incorporated in its instructions a part of appellant's requested instruction that if the excavation itself gave sufficient obvious notice of warning to anyone driving along the street and exercising due care and caution appellant would not be liable.

Since the cases are remanded for a new trial, we will not discuss the sufficiency of the evidence.

For the reasons expressed, the causes are reversed and remanded for new trial.

Costs to appellant.

Budge, Holden and Ailshie, JJ., concur.

Due to illness, Morgan, J., did not participate in this decision.