# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GRANT DZAMAN,<br><br>                            Respondent,<br><br>        v.<br><br>DIANE GOWMAN,<br><br>                            Appellant. | No. 55460-7-II<br>Consolidated with<br>No. 55740-1-II<br><br>PUBLISHED OPINION |

MAXA, J. – In this consolidated appeal, Diane Gowman appeals the trial court's denial of her motion to rescind a writ of restitution granted to Grant Dzaman and the trial court's determination of a bond amount necessary to stay enforcement of the writ of restitution pending appeal.  Gowman also appeals the trial court's order imposing sanctions against her for what the court deemed to be a frivolous motion to rescind the writ of restitution.

In April 2020, the Governor issued Proclamation 20-19.1,[1] which placed a statewide moratorium on residential evictions in response to the COVID-19 pandemic.  In June, the

---

[1] Proclamation of Governor Jay Inslee, No. 20-19.1 (Wash. Apr. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-19.1%20-%20COVID-19%20Moratorium%20on%20Evictions%20Extension%20%28tmp%29.pdf [https://perma.cc/G9YP-7HYP].

Governor issued Proclamation 20-19.2,[2] which extended the moratorium but provided an exception that allowed a landlord to prosecute an eviction if the landlord provided 60 days' written notice of an intent to sell the property. Proclamation 20-19.3,[3] issued in July, extended the moratorium until October 15, 2020.

Gowman rented a house from Dzaman. While Proclamation 20-19.2 was in effect, Dzaman delivered to Gowman a notice stating that he intended to sell the house and that Gowman would have to vacate the premises. After 60 days passed and while Proclamation 20-19.3 was in effect, Dzaman began unlawful detainer proceedings to evict Gowman. After trial on October 1, the trial court ruled that Dzaman was entitled to restitution of the premises.

Before the writ of restitution was entered, on October 14 the Governor issued Proclamation 20-19.4,[4] which extended the moratorium and added a new requirement for the 60-day notice of intent to sell: the notice was required to be "in the form of an affidavit signed under penalty of perjury." Proclamation 20-19.4 at 5. Dzaman's earlier notice was not in the form of an affidavit signed under penalty of perjury. On October 29, the trial court issued a writ of restitution.

The trial court denied Gowman's motions for reconsideration and to rescind the writ of restitution based on Proclamation 20-19.4 and imposed CR 11 sanctions on Gowman and her

---

[2] Proclamation of Governor Jay Inslee, No. 20-19.2 (Wash. June 2, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-19.2%20Coronavirus%20Evictions%20%28tmp%29.pdf [https://perma.cc/8VTV-9HK9].

[3] Proclamation of Governor Jay Inslee, No. 20-19.3 (Wash. July 24, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-19.3%20Coronavirus%20Evictions%20%28tmp%29.pdf [https://perma.cc/7GB3-MJKT].

[4] Proclamation of Governor Jay Inslee, No. 20-19.4 (Wash. Oct. 14, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.4.pdf [https://perma.cc/L2AS-CX23].

attorney. The trial court subsequently set the amount of an appeal bond at over $45,000. Apparently, Gowman was unable to post the bond, and she was evicted from the house she had been renting.

We hold that (1) the trial court erred in denying Gowman's motion to rescind because Dzaman's request for the court to sign a writ of restitution after Proclamation 20-19.4 was issued violated that proclamation, (2) the trial court erred in imposing CR 11 sanctions against Gowman for her motion to rescind, and (3) we need not address Gowman's challenge to issuance of the appeal bond. Accordingly, we reverse the trial court's order denying Gowman's motion to rescind the writ of restitution and imposing CR 11 sanctions, and remand for the trial court to strike the CR 11 sanctions and for further proceedings consistent with this opinion.

FACTS

Dzaman owns a house in Jefferson County. Gowman was a tenant at the house for more than 10 years.

On June 29, 2020, Dzaman's attorney delivered a notice to Gowman to comply with the terms of her tenancy or vacate and providing a 60-day notice of intent to sell. The notice stated that Gowman must comply with the obligations of her tenancy or vacate the premises within 10 days, noting that she had not paid rent in over a year. The notice also stated that Dzaman intended to sell the property and that Gowman would have to vacate by September 1.

On September 2, after 60 days had passed since the notice and Gowman had not vacated the property, Dzaman filed a complaint for unlawful detainer against Gowman. The complaint alleged that Dzaman had provided Gowman with notice of the intent to sell the property and that Gowman had failed to vacate the property within 60 days.

On October 1, 2020, the case proceeded to trial. The trial court entered an order terminating Gowman's tenancy and stating that Dzaman would be granted a writ of restitution. On October 16, the court entered findings of fact and conclusions of law, ruling that Gowman was guilty of unlawful detainer. The court expressly concluded that Dzaman's notice of termination of the tenancy complied with the requirements of Proclamation 20-19.3.

However, on October 14 the Governor had issued Proclamation 20-19.4, which modified aspects of Proclamation 20-19.3. Proclamation 20-19.4 maintained the exception to the eviction moratorium based on the owner's 60-day notice of intent to sell the property. But the proclamation added the language, "Such a 60-day notice of intent to sell or personally occupy shall be in the form of an affidavit signed under penalty of perjury." Proclamation 20-19.4 at 5. Dzaman's 60-day notice was not in the form of a sworn affidavit.

On October 27, Gowman filed a motion for reconsideration of the trial court's October 16 judgment. The motion for reconsideration was based on the new language in Proclamation 20-19.4. Gowman argued that the trial court should reconsider the writ of restitution because Dzaman did not comply with the sworn affidavit requirement in Proclamation 20-19.4. The trial court denied Gowman's motion to reconsider.

On October 29, the trial court issued the writ of restitution to the Jefferson County Sheriff's Office.

On November 2, Gowman filed a motion to rescind the writ of restitution. The motion to rescind was based on the same grounds and arguments as the motion for reconsideration. The trial court denied Gowman's motion and found that the motion was frivolous under CR 11. The court awarded Dzaman attorney fees against both Gowman and her attorney in the amount of $1,275.

Gowman appealed and sought a stay of the writ of restitution in this court. This court ruled, with one judge dissenting, that Gowman had to post a bond under RCW 59.12.200 in order to stay the writ of restitution pending review, and remanded to the trial court to set a bond amount. On remand, the court set the amount of the appeal bond at $45,473.81.

Gowman has represented in her appeal filings that she was evicted from her house when she could not post the bond. She also has represented that she has been living in temporary housing and shelters since then.

Gowman moved for discretionary review of the order setting the bond amount. A commissioner of this court denied the motion for discretionary review. We granted the motion to modify, accepted discretionary review, and consolidated Gowman's two appeals.

ANALYSIS

A.      MOOTNESS

Neither party raises the issue of mootness. However, if Gowman already has been evicted and she cannot be restored to possession, the question arises whether her appeal is moot.

An issue is moot if we cannot provide effective relief. *Herrera v. Villaneda*, 3 Wn. App. 2d 483, 492, 416 P.3d 733 (2018). But we may consider an issue that is otherwise moot if it involves "matters of continuing and substantial public interest." *Thomas v. Lehman*, 138 Wn. App. 618, 622, 158 P.3d 86 (2007). To determine whether a case involves the requisite public interest, we consider "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination to provide future guidance to public officers, and (3) the likelihood that the question will recur." *Id.*

Here, the record is insufficient for us to determine whether or not this case is moot. But even if this case technically is moot because Gowman has already been evicted from the

property, we address her appeal because it presents an issue of continuing and substantial public interest. There is a public question presented because the interpretation and application of the Governor's eviction moratorium affects landlords and tenants throughout the state. An authoritative determination on the issue is desirable because it will provide clear guidance to both landlords and superior court judges on how to interpret and apply the governor's proclamations throughout the course of the pandemic. And this issue likely will recur.

B.      MOTION TO RESCIND WRIT OF RESTITUTION

Gowman argues that the trial court erred in denying her motion to rescind the writ of restitution. She argues that Proclamation 20-19.4 precluded Dzaman from obtaining the writ of restitution because his 60-day notice was not in the form of a sworn affidavit. Dzaman argues that issuance of the writ of restitution was proper because his 60-day notice complied with the proclamation in effect when he obtained the order authorizing restitution, the sworn affidavit requirement Proclamation 20-19.4 cannot be applied retroactively, and retroactive application would violate his due process rights. We agree with Gowman.[5]

1.      Basis of Motion

In the trial court, Gowman did not offer any procedural authority for bringing the motion to rescind. The trial court noted a lack of reference to CR 60 in the motion. Gowman also did not explain the basis for the motion to rescind in her appellate brief. However, motions for relief from judgments or orders are governed by CR 60(b). We analyze Gowman's motion to rescind the writ of restitution under CR 60(b).

---

[5] Gowman also argues that the trial court erred in denying her motion to reconsider the court's October 16, 2020 judgment ruling that she was guilty of unlawful detainer. But the trial court did not err because the motion clearly was untimely under CR 59(b).

CR 60(b) provides 11 grounds for granting relief "from a final judgment, order, or proceeding." The only ground plausibly applicable here is subsection (11), "[a]ny other reason justifying relief from the operation of the judgment." This catchall provision is "intended to serve the ends of justice in extreme, unexpected situations and when no other subsection of CR 60(b) applies." *Shandola v. Henry*, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). CR 60(b)(11) "applies to extraordinary circumstances involving irregularities extraneous to the proceeding." *Id*. "Finality of judgments is a central value in the legal system, but circumstances can arise where finality must give way to the greater value that justice be done." *Id.*

In *In re Marriage of Flannagan*, this court held that CR 60(b)(11) provided a mechanism for relief when postjudgment legislation changed the law that was in effect when the judgment was entered. 42 Wn. App. 214, 222, 709 P.2d 1247 (1985). Similarly, in *Shandola* this court held that a postjudgment appellate court decision that changes the law and invalidates the basis for the judgment can provide the basis for vacating a final judgment under CR 60(b)(11). 198 Wn. App. at 896-99.

Whether to grant or deny a motion for relief under CR 60(b) is within the trial court's discretion. *Id.* at 896. Therefore, this court's review is for abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is based on untenable grounds or is made for untenable reasons. *Id.*

2. Interpretation of Proclamation 20-19.4

a. Principles of Construction

We interpret gubernatorial proclamations in the same way as statutes. *State v. Zack*, 2 Wn App. 2d 667, 672 & n.6, 413 P.3d 65 (2018). Statutory interpretation is an issue of law that we review de novo. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 722, 406 P.3d 1149 (2017). The

primary goal of interpretation is to determine and give effect to the drafter's intent. *Id.* "When possible, the court derives legislative intent solely from the plain language enacted by the legislature considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *Gray v. Suttell & Assocs.*, 181 Wn.2d 329, 339, 334 P.3d 14 (2014).

When the plain language of the statute is unambiguous, no further construction or interpretation is necessary. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). However, if the language is susceptible to more than one reasonable interpretation, the statute is ambiguous. *Id.* We resolve any ambiguity by considering outside sources that may indicate legislative intent, including principles of statutory construction, legislative history, and relevant case law. *Id.*

"Statutes are presumed to apply prospectively absent contrary legislative intent." *In re Estate of Haviland*, 177 Wn.2d 68, 75, 301 P.3d 31 (2013). " '[A] statute operates prospectively when the precipitating event for the application of the statute occurs after the effective date of the statute, even though the precipitating event had its origin in a situation existing prior to the enactment of the statute.' " *Id.* (quoting *Aetna Life Ins. Co. v. Wash. Life & Disability Ins. Guaranty Ass'n,* 83 Wn.2d 523, 535, 520 P.2d 162 (1974)). A statute is retroactive "when the precipitating event under the statute occurred before the statute's enactment." *Haviland,* 177 Wn.2d at 75. "A statute may also act retroactively when it takes away or impairs vested rights or imposes new duties or disabilities in respect to past transactions." *Id.*

b.   Language of Proclamation 20-19.4

Proclamations 20-19.2, 20-19.3, and 20-19.4 all contain preamble language explaining the basis for the eviction moratorium:

WHEREAS, the COVID-19 pandemic is causing a sustained global economic slowdown, and an economic downturn throughout Washington State with unprecedented numbers of layoffs and reduced work hours for a significant percentage of our workforce due to substantial reductions in business activity. . .; and

WHEREAS, many of our workforce expected to be impacted by these layoffs and substantially reduced work hours are anticipated to suffer economic hardship that will disproportionately affect low and moderate income workers resulting in lost wages and potentially the inability to pay for basic household expenses, including rent; and

WHEREAS, the inability to pay rent by these members of our workforce increases the likelihood of eviction from their homes, increasing the life, health and safety risks to a significant percentage of our people from the COVID-19 pandemic; and
. . . .

WHEREAS, it is critical to protect tenants and residents of traditional dwellings from homelessness . . .; and
. . . .

WHEREAS, a temporary moratorium on evictions and related actions throughout Washington State at this time will help reduce economic hardship and related life, health, and safety risks to those members of our workforce impacted by layoffs and substantially reduced work hours or who are otherwise unable to pay rent as a result of the COVID-19 pandemic.

Proclamations 20-19.2, 20.19-3, and 20-19.4 all prohibit certain eviction activities:

Landlords, property owners, and property managers are prohibited from *seeking or enforcing*, or threatening to seek or enforce, *judicial eviction orders* involving any dwelling or parcel of land occupied as a dwelling.

(Emphasis added). Significantly, the proclamations do not limit a trial court's authority to issue

eviction orders. They limit a landlord's ability to seek or enforce such orders.

All the proclamations contain an exception relevant here. Proclamation 20-19.4 states

that certain eviction activities are prohibited

unless the landlord, property owner, or property manager . . . (b) shows that at least 60 days' written notice were provided of the property owner's intent to (i) personally occupy the premises as the owner's primary residence, or (ii) sell the property.

But Proclamation 20-19.4 added the following clause: "Such a 60-day notice of intent to sell or personally occupy *shall be in the form of an affidavit signed under penalty of perjury*." (Emphasis added).

Proclamation 20-19.4 was effective October 14, 2020 and continued in effect until December 31, 2020. The Governor subsequently issued Proclamation 20-19.5[6] extending the eviction moratorium until March 31, 2021 and Proclamation 20-19.6[7] extending the eviction moratorium until June 30, 2021. Those proclamations contain the same sworn affidavit requirement as Proclamation 20-19.4.

c.    Analysis

Here, Proclamation 20-19.4 (and the previous proclamations) states that landlords are "prohibited from seeking or enforcing . . . judicial eviction orders" unless an exception applies, effective October 14, 2020. The trial court's October 16, 2020 judgment was a judicial eviction order. On October 29, Dzaman sought to enforce that order by obtaining a writ of restitution, which itself is a judicial eviction order. The plain language of Proclamation 20-19.4 expressly prohibits this activity – unless an exception applies.

Proclamation 20-19.4 allows a landlord to enforce a judicial eviction order if the landlord provides 60-day notice of an intent to sell the property. However, Proclamation 20-19.4 added the new requirement that this exception applies *only* if the notice is "in the form of an affidavit signed under penalty of perjury." Proclamation 20.19.4 at 6. Dzaman's 60-day notice was not in

---

[6] Proclamation of Governor Jay Inslee, No. 20-19.5 (Wash. Dec. 31, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.5.pdf [https://perma.cc/CZ98-WPHB].

[7] Proclamation of Governor Jay Inslee, No. 20-19.6 (Wash. March 18, 2021), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.6.pdf [https://perma.cc/X9AS-5MTR].

the form of a sworn affidavit. Therefore, under the plain language of Proclamation 20-19.4, the intent to sell exception to the eviction moratorium does not apply in eviction proceedings after October 14, 2020 unless it is supported by a sworn affidavit.

Dzaman argues that applying the new language of Proclamation 20-19.4 would improperly make the proclamation operate retroactively, to the prejudice of his vested rights. But by its express terms, Proclamation 20-19.4 can apply only prospectively. The proclamation was only effective after October 14, and applied only to the *enforcement* of judicial eviction orders after that date. The triggering event for the eviction moratorium as a whole and the new requirement for the intent to sell exception is the *enforcement* of a judicial eviction order.

Significantly, there would be no question that Proclamation 20-19.4 would apply prospectively only if the proclamation had completely eliminated the intent to sell exception. Under such a proclamation, a landlord would be unable to enforce a judicial eviction order by obtaining a writ of restitution regardless of what had happened in the past. The same result applies when the proclamation added a new requirement to the exception rather than completely eliminating it.

Dzaman argues that application of the new requirement in Proclamation 20-19.4 would be unconstitutional because it would deprive him of vested rights. But applying Proclamation 20-19.4 here does not affect the trial court's decision finding Gowman guilty of unlawful detainer or the validity of the trial court's October 16 judgment. Proclamation 20-19.4 simply prevents Dzaman from *enforcing* that judgment by obtaining a writ of restitution for a certain period of time.

We conclude that Proclamation 20-19.4 prohibited Dzaman from obtaining a writ of restitution because that action constituted the enforcement of a judicial eviction order and

Dzaman did not send a 60-day notice in the form of a sworn affidavit. Therefore, we hold that the trial court erred in denying Gowman's motion to rescind the writ of restitution.

## C.     CR 11 SANCTIONS

Gowman argues that the trial court erred in imposing CR 11 sanctions against her for filing the motion to rescind the writ of restitution. We agree.

CR 11 requires attorneys to sign and date every motion filed with the court. CR 11 also requires attorneys to certify the motion is (1) well-grounded in fact, (2) warranted by existing law or a good faith argument for a change to established law; (3) not interposed for any improper purpose, such as to harass or delay; and (4) any denials of factual contentions are warranted on the evidence or reasonably based on belief. The trial court may impose sanctions for violations of CR 11, including reasonable attorney fees. CR 11; *see Biggs v. Vail*, 124 Wn.2d 193, 196-97, 876 P.2d 448 (1994).

We review the imposition of CR 11 sanctions for an abuse of discretion. *Biggs*, 124 Wn.2d at 197. "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

The interpretation and application of Proclamation 20-19.4 is the subject of legitimate dispute and argument. Therefore, even if we had affirmed the trial court, Gowman's motion to rescind the writ of restitution clearly was not frivolous. We hold that the trial court erred in imposing CR 11 sanctions and remand for the trial court to strike those sanctions.

## D.     ORDER SETTING BOND AMOUNT

In her second appeal, Gowman argues that the trial court erred in entering the order setting the bond amount because Proclamation 20-19.4 prevented any enforcement of evictions

that were not started with an affidavit, and therefore, the trial court did not have the authority to set a bond amount. She also argues that the court set the bond amount in an unreasonably excessive amount.

As discussed above, we reverse the trial court's denial of Gowman's motion to rescind the writ of restitution and remand to the trial court. Therefore, any issues relating to the appeal bond are now moot and we do not address them.

E.      ATTORNEY FEES ON APPEAL

Dzaman requests attorney fees on appeal under RCW 59.18.290(3) because he is the prevailing party in an unlawful detainer action and under RAP 18.9 as sanctions for Gowman's frivolous appeal. We decline to award attorney fees to Dzaman.

RAP 18.1(a) allows this court to award attorney fees on appeal if the party is entitled to attorney fees under applicable law. Under RCW 59.18.290(3), the court may award attorney fees to the landlord in an unlawful detainer action if the court enters judgment in favor of the landlord. Because we hold that the trial court erred in denying the motion to rescind the writ of restitution, Dzaman is not the prevailing party on appeal and he is not entitled to attorney fees on appeal under RCW 59.18.290(3).

Under RAP 18.9(a), we may award attorney fees on appeal to an opposing party for defending a frivolous appeal. *Granville Condo. Homeowners Ass'n v. Kuehner*, 177 Wn. App. 543, 557, 312 P.3d 702 (2013). Dzaman cannot recover attorney fees under RAP 18.9(a) because Gowman's appeal clearly is not frivolous.

13

CONCLUSION

We reverse the trial court's order denying Gowman's motion to rescind the writ of restitution and imposing CR 11 sanctions, and remand for the trial court to strike the CR 11 sanctions and for further proceedings consistent with this opinion.

MAXA, P.J.

We concur:

CRUSER, J.

VELJACIC, J.