# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

SANTOM PROPERTIES, LLC, STABILITY
PROPERTIES, LLC,

Appellants,

v.

JEANETTE MCCABE, and ALL OTHER
RESIDENTS, and OCCUPANTS,

Respondents.

No. 56412-2-II

UNPUBLISHED OPINION

LEE. J. — Santom Properties, LLC and Stability Properties, LLC (collectively Santom) appeal the superior court's order denying revision of the commissioner's order dismissing Santom's unlawful detainer action against Jeanette McCabe. Santom argues that the superior court erred in determining that RCW 59.18.650 requires a lease termination notice based on an intent to sell property to explicitly state "90 Day Notice."

We agree with Santom. Accordingly, we reverse the superior court and remand for further proceedings.

## FACTS

A. PROCLAMATION 20-19.4 AND HOUSE BILL 1236 IN RESPONSE TO THE COVID-19 PANDEMIC

On October 14, 2020, Governor Jay Inslee issued emergency Proclamation 20-19.4 in response to the public health emergency resulting from the COVID-19 pandemic. Proclamation

of Governor Jay Inslee, No. 20-19.4 (Wash. Oct. 14, 2020).[1] Proclamation 20-19.4 imposed a temporary moratorium on residential eviction actions. Proclamation 20-19.4 at 4-7. However, certain exceptions to the moratorium on residential evictions applied. One such exception was when "the landlord . . . provides at least 60 days' written notice of the property owner's intent to . . . sell the property." Proclamation 20-19.4 at 5. Proclamation 20-19.4 remained in effect until December 31, 2020.[2] Proclamation 20-19.4 at 4.

In May 2021, the Washington State Legislature enacted H.B. 1236, which amended the Residential Landlord-Tenant Act codified in chapter RCW 59.18. LAWS OF 2021, ch. 212. Specifically, the legislature amended RCW 59.18.650(2)(e) by requiring at least 90 days' notice to a tenant for any lease termination based on an intent to sell the property. LAWS OF 2021, ch. 212, § 2.

B.      SANTOM/MCCABE LEASE

On April 27, 2020, Santom entered into a 12-month residential lease agreement with Jeanette McCabe for an apartment unit. The lease term expired on April 30, 2021, upon which it would revert to a month-to-month tenancy. The lease further provided:

---

[1] https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.4.pdf [https://perma.cc/L2AS-CX23].

[2] The intent to sell exception to the moratorium was extended twice in subsequent proclamations. The intent to sell exception to the moratorium was extended by Proclamation 20-19.5, which was effective from December 31, 2020 to March 31, 2021. Proclamation of Governor Jay Inslee, No. 20-19.5 (Wash. Dec. 31, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.5.pdf [https://perma.cc/CZ98-WPHB]. The moratorium exception was then extended by Proclamation 20-19.6, which was effective March 18, 2021 to June 30, 2021. Proclamation of Governor Jay Inslee, No. 20-19.6 (Wash. Mar. 18, 2021), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.6.pdf [https://perma.cc/X9AS-5MTR].

> **TERMINATION OF TENANCIES**: Tenant understands that this tenancy shall terminate at 12:00 a.m. on the last day of occupancy. . . . [A]ny notice of termination shall be by written notice of at least twenty days before the end of any monthly rental period, given by either party to the other, except when Landlord terminates for purposes of demolition, substantial renovation, or change of use a [sic] property, which shall require a minimum of 120 days' notice before the end of any monthly rental period. Any notice of termination must provide for the vacation of the premises by all occupants unless otherwise agreed by the Landlord in writing.

Clerk's Papers (CP) at 9.

In December 2020, Santom mailed to McCabe a notice titled "Sixty Day Notice to Terminate Tenancy." CP at 26 (boldface omitted) (some capitalization omitted). Santom also posted the notice at the property.

Despite the notice being titled "Sixty Day Notice to Terminate Tenancy," the content of the notice clearly stated that McCabe needed to vacate the property by "Midnight of April 30th, 2021." CP at 26 (boldface omitted). The notice also stated that McCabe's failure to vacate would result in an unlawful detainer action. Santom also attached an affidavit to the notice stating its intent to sell the property.

McCabe did not vacate the property on April 30, 2021. As of August 2021, McCabe still occupied the property.[3]

In August 2021, Santom filed an unlawful detainer suit against McCabe, seeking a termination of tenancy, writ of restitution, and attorney fees and costs. McCabe did not appear at the unlawful detainer show cause hearing.

At the hearing, Santom asked the superior court commissioner for a writ of restitution because the notice that it had sent to McCabe in December 2020 provided more than 90 days'

---

[3] The record is not clear as to whether McCabe presently continues to occupy the property.

notice that the lease would be terminated. Santom argued that the title of the document was irrelevant and the notice was compliant with chapter 59.18 RCW. Santom also argued that the termination notice sent to McCabe was "COVID-compliant," referencing Governor Inslee's emergency Proclamation 20-19.4 in effect in December 2020 when the notice was sent. Verbatim Report of Proceedings (VRP) at 4.

On August 19, 2021, the commissioner dismissed the unlawful detainer action, stating:

[N]ow there is a requirement of a . . . 90-day notice.

. . . [T]here's no provision within [RCW 59.18.650][4] that allows me to say, Well, given just the passage of time, therefore that cures the deficiency within the notice provision that was served upon the defendant.

. . . .

. . . [T]he statute requires that it say a 90-day notice served on the parties.

VRP at 4-5. The commissioner subsequently entered a written order dismissing the unlawful detainer action.

On August 30, 2021, Santom moved for revision of the commissioner's order dismissing the unlawful detainer action. The superior court judge did not hear oral arguments on the motion to revise and ruled based on the pleadings. The superior court denied Santom's motion to revise but did not enter any findings of fact or conclusions of law.

Santom appeals.

---

[4] The commissioner refers to the applicable law as "HB 1236" during the show cause hearing. VRP at 4. Because H.B. 1236 was already codified under RCW 59.18.650 at the time of the show cause hearing, RCW 59.18.650 is used for consistency and to avoid confusion.

ANALYSIS

Santom argues that the superior court judge erred by incorrectly interpreting RCW 59.18.650. We agree.[5]

A.      MOTION TO REVISE[6]

1.      Legal Principles

All acts and proceedings of court commissioners are subject to revision by the superior court. WASH. CONST. art. IV, § 23; RCW 2.24.050. "On revision, the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). "When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's." *In re Marriage of Williams*, 156

---

[5] Santom also argues that its rights to the property vested in December 2020 when it served notice on McCabe because the notice was compliant with Proclamation 20-19.4. Therefore, Santom argues, it could properly bring an unlawful detainer suit in August 2021, and the suit should not have been dismissed. Because we determine Santom's termination notice complied with the requirements of RCW 59.18.650(2)(e), we do not address the issue of whether and at what point Santom's rights vested.

[6] McCabe argues that Santom improperly appeals the superior court's denial of Santom's motion to revise because the motion hearing dates were untimely and the superior court never heard arguments on the merits of the case. On that basis, McCabe argues, the superior court did not have authority to hear Santom's motion, so the effective order at issue is the commissioner's order.

Here, when the superior court denied Santom's motion to revise, it did not enter its own findings of fact or conclusions of law. Accordingly, the superior court adopted the commissioner's order, so it is the commissioner's order that is on review. *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). Even assuming without deciding that the superior court did not have authority to rule on Santom's motion, McCabe agrees that the effective order at issue is the commissioner's order. Therefore, regardless of whether the motion for revision was timely heard, we review the commissioner's order. Thus, McCabe's argument that the motion hearing dates were untimely has no real consequence.

Wn. App. 22, 27, 232 P.3d 573 (2010). "A revision denial constitutes an adoption of the commissioner's decision, and the court is not required to enter separate findings and conclusions." *Maldonado v. Maldonado* , 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

Statutory interpretation is a question of law that we review de novo. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 722, 406 P.3d 1149 (2017). The purpose of statutory interpretation is to determine and give effect to the legislature's intent. *Id.* We derive legislative intent from the plain language of the statute. *Gray v. Suttell & Assocs.*, 181 Wn.2d 329, 339, 334 P.3d 14 (2014). If a statute's meaning is plain on its face, we must give effect to that plain meaning. *TracFone Wireless, Inc. v. Dep't of Revenue*, 170 Wn.2d 273, 281, 242 P.3d 810 (2010). A statute is ambiguous if its language is susceptible to more than one reasonable meaning. *Gray*, 181 Wn.2d at 339. When the plain language is unambiguous, however, further interpretation is unnecessary. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014).

Statutes are presumed to operate prospectively. *In re Estate of Haviland*, 177 Wn.2d 68, 75, 301 P.3d 31 (2013). However, a statute acts retroactively "when the precipitating event under the statute occurred before the statute's enactment." *Id.* A statute may also be retroactive when it imposes new duties in respect to past transactions. *Id.* A statute acts prospectively "'when the precipitating event for the application of the statute occurs after the effective date of the statute, even though the precipitating event had its origin in a situation existing prior to the enactment of the statute.'" *Id.* (quoting *Aetna Life Ins. Co. v. Wash. Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 535, 520 P.2d 162 (1974)).

Here, the parties do not dispute that RCW 59.18.650 applies. RCW 59.18.650, rather than Proclamation 20-19.4, applies because it was the law in effect at the time Santom initiated its

unlawful detainer suit against McCabe. *Haviland*, 177 Wn.2d at 75; *see Dzaman v. Gowman*, 18 Wn. App. 2d 469, 482, 491 P.3d 1012 (2021). The initiation of the suit is the "'precipitating event for the application of the statute'" because the action is the means through which the statute is enforced. *See Dzaman*, 18 Wn. App. 2d at 479 (internal quotation marks omitted) (quoting *Haviland*, 177 Wn.2d at 75).

RCW 59.18.650 describes when a landlord may evict a tenant, refuse to continue tenancy, or end a periodic tenancy. The relevant provision of the statute reads:

> (1)(a) A landlord may not evict a tenant, refuse to continue a tenancy, or end a periodic tenancy except for the causes enumerated in subsection (2) of this section and as otherwise provided in this subsection.
>
> . . . .
>
> (2) The following reasons listed in this subsection constitute cause pursuant to subsection (1) of this section:
>
> . . . .
>
> (e) The tenant continues in possession after the owner elects to sell a single-family residence and the landlord has provided at least 90 days' advance written notice of the date the tenant's possession is to end.

RCW 59.18.650.

2.      Interpretation of RCW 59.18.650

Santom argues that the superior court erred by requiring the lease termination notice to state that it was a "90 day notice," which is contrary to the statutory language in RCW 59.18.650.[7] Santom contends that RCW 59.18.650 does not require a lease termination notice to say "90 day

---

[7] As noted above, because the superior court judge did not enter any findings or conclusions, we review the commissioner's order. *Maldonado*, 197 Wn. App. at 789.

notice" on it. Rather, Santom argues, RCW 59.18.650 merely requires that notice be served at least 90 days before the end of the tenancy. We agree.

Here, the language of the statute is plain on its face. Under subsection (2)(e), a landlord may end a tenancy, based on the landlord's intent to sell the property, as long as the landlord provides "at least 90 days' advance written notice of the date the tenant's possession is to end." RCW 59.18.650(2)(e). The provision does not prescribe the format or the content of the termination notice. The only statutory requirements are that (1) the notice must be written (as opposed to oral) and (2) the written notice be provided to a tenant at least 90 days prior to the end of the tenancy.

In unlawful detainer actions, the legislature has included strict statutory requirements for other kinds of notices. *See* RCW 59.18.365. For instance, a summons must contain certain specific details in order to be valid. *See* RCW 59.18.365; *Christensen v. Ellsworth*, 162 Wn.2d 365, 372, 173 P.3d 228 (2007). That the legislature has outlined particular language for a summons, but not for termination notices, indicates it did not intend to require termination notices to state "90 day notice" on the notice. Absent evidence of contrary legislative intent, we do not read into the statute the additional requirement that the lease termination notice must say "90 day notice" on the notice itself. *See Jametsky*, 179 Wn.2d at 762. Because the statutory language only requires that a termination notice be written and provide at least 90 days' notice before the end of the tenancy, the superior court failed to give effect to the plain language of the statute. Therefore, the superior court erred in determining that the language of RCW 59.18.650 requires termination notices to state "90 day notice" on the notice itself.

3.      Validity of Termination Notice

Santom argues that the superior court erred in determining that the termination notice Santom provided to McCabe was inadequate and did not comply with RCW 59.18.650.[8] We agree.

a.      Adequacy of lease termination notice

We consider de novo the adequacy of a termination notice under a lease. *Tacoma Rescue Mission v. Stewart*, 155 Wn. App. 250, 254, 228 P.3d 1289 (2010). A termination notice that does not follow the terms within the lease is invalid. *Id.* at 255.

Here, the lease agreement between Santom and McCabe includes a termination clause. The termination clause provides that any termination of tenancy, initiated by either Santom or McCabe, must be written and issued at least 20 days before the termination date. The record shows that Santom provided McCabe with written notice 130 days before the termination date. The termination notice followed the lease terms because 130 days exceeded the 20 days required by the lease. Therefore, the notice is valid under the lease terms.

b.      RCW 59.18.650(2)(e) requirements

The notice also meets the requirements of RCW 59.18.650(2)(e). Here, the notice was written. And the record shows the notice was provided at least 90 days in advance to McCabe. Santom's lease termination notice sent in December 2020 listed a lease termination date of

---

[8] Santom also argues that the termination notice it provided to McCabe complies with both RCW 59.18.650(1), a no-cause termination provision and which provides for a 60-day advance written notice requirement, and 59.18.650(2)(e), a for-cause termination provision. McCabe responds that Santom is attempting to re-frame the action as a no-cause termination, and at the time it served notice, "a landlord could not lawfully deliver such a 60-day no-cause termination during the eviction moratoria." Br. of Resp't at 17. These arguments speak to whether or not Santom had a vested right to bring an unlawful detainer action based on the notice it served. Because we determine that Santom's termination notice was sufficient under RCW 59.18.650(2)(e), we do not address whether Santom could sustain a cause of action under 59.18.650(1) alone.

"Midnight of April 30th, 2021." CP at 26 (boldface omitted). The lease termination notice was both posted at the property and mailed to McCabe on December 22, 2020. The 130 days' notice that Santom provided McCabe exceeds the 90-day notice requirement in RCW 59.18.650(2)(e). Moreover, Santom did not initiate its unlawful detainer action until August 2021, three months after the listed termination date.

McCabe argues that Santom's termination notice failed to comply with RCW 59.18.650(2)(e) "because it purported to provide sixty days advance notice rather than the required ninety days advance notice." Br. of Resp't at 10. McCabe appears to rely on the document title rather than the listed termination date in the body of the notice when she contends that Santom provided only 60 days' notice. McCabe's argument does not address the listed termination date within the document, which clearly shows that the notice does comply with RCW 59.18.650(2)(e).

Santom's lease termination notice adequately complied with the terms of the lease. And Santom's lease termination notice provided more than 90 days' advance written notice to McCabe. Therefore, Santom's lease termination notice was valid.

B.      ATTORNEY FEES ON APPEAL

Both Santom and McCabe request an award of attorney fees on appeal pursuant to RAP 18.1, RCW 59.18.290, and RCW 59.18.410. RAP 18.1 provides a party the "right to recover reasonable attorney fees or expenses on review" before this court, so long as the party requests the fees and "applicable law" grants the right to recover. RAP 18.1(a). We award attorney fees to the prevailing party "'only on the basis of a private agreement, a statute, or a recognized ground of equity.'" *Tedford v. Guy*, 13 Wn. App. 2d 1, 17, 462 P.3d 869 (2020) (quoting *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988)).

Here, RCW 59.18.410(1) allows for reasonable attorney fees as provided in RCW 59.18.290. RCW 59.18.290(2) states:

It is unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. . . . [A]nd the prevailing party may recover . . . costs of suit or arbitration and reasonable attorneys' fees subject to subsection[] (3).

RCW 59.18.290(3) provides: "Where the court has entered a judgment in favor of the landlord restoring possession of the property to the landlord, the court may award reasonable attorneys' fees to the landlord."

Here, Santom is the prevailing party in this appeal. However, because the superior court has not yet entered judgment in favor of Santom, any determination of attorney fees by this court would be premature. *See Leda v. Whisnand*, 150 Wn. App. 69, 87, 207 P.3d 468 (2009). Accordingly, we leave the determination of attorney fees on appeal to the superior court on remand.

We reverse the dismissal of Santom's unlawful detainer action and remand for further proceedings.

No. 56412-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, A.C.J.

Veljacic, J.