IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

LORELLE ROSE HARKE,        )
                         )      No. 39365-8-III
              Respondent,       )
                         )
    v.                        )      PUBLISHED OPINION
                         )
REX ELAM HARKE,          )
                         )
              Appellant.         )

FEARING, C.J. — Rex Harke's appeal concerns RCW 7.105.210, a section of the new protection order chapter, which section allows a superior court to realign the parties to a petition for a domestic violence protection order when the court deems the respondent to be the victim and the petitioner to be the perpetrator of the violence. The appeal asks what steps the trial court should take when both petitioner and respondent are perpetrators and victims of cross-violence. Rex seeks vacation of a protection order against him that protects his ex-wife Lorelle Harke. He argues that, because the superior court realigned him as the petitioner, the court lacked authority to enter an order against him. We conclude that, instead of committing error when entering the protection order, the superior court committed error by realigning the parties. We affirm the order of protection.

FACTS

The parties to this appeal are divorcing spouses, Lorelle Harke and Rex Harke.

We generally refer to them by their first names. Before the marriage, Rex and Lorelle

signed a prenuptial agreement that declared Rex's Spokane residence would remain his

separate property in the event of divorce.

In autumn 2022, while the marital dissolution proceeding was pending, Rex Harke

permitted Lorelle to dwell in his residence because she could not afford alternate housing.

The two agreed Lorelle would reside on the bottom floor of the home and Rex would

remain on the main floor. They shared common areas of the dwelling.

Rex Harke noticed that, in his absence, Lorelle repeatedly entered his bedroom

and rummaged through his personal belongings. Rex hired a locksmith to install a lock

on his bedroom door to maintain his privacy. Before installation of the lock, Lorelle

accessed Rex's phone, found the phone number of the locksmith he employed, and

shared the locksmith's phone number with her attorney. The attorney phoned the

locksmith and told him a court order prevented the placement of locks inside the

residence.

Rex Harke employed a second locksmith to station a new lock on his bedroom

door. Lorelle Harke was present when the locksmith arrived at the residence. The

parties' dogs barked when the locksmith approached the front door of the home. As Rex

reached for the door to allow the locksmith ingress, Lorelle raced to his side, grabbed his right arm, and dug her fingernails into his skin. Her tight grab of the arm left bruises.

To end Lorelle Harke's strike, Rex pushed Lorelle with his hips. The two tumbled through the partially open front door. Neighbors witnessed some of the altercation. Lorelle told the locksmith to leave, and Rex entreated him to stay. The locksmith installed the new lock after Rex informed him it would be for an interior door.

Lorelle Harke summoned the police. Neighbors informed an officer that Rex Harke shoved Lorelle. The officer arrested Rex.

PROCEDURE

Lorelle Harke filed a petition for a domestic violence protection order against Rex. Lorelle attached to her petition a September 2022 Spokane Police Department incident report, screen shots of text message conversations between Rex and herself, a photograph depicting an apparent injury to Lorelle's back, and a declaration of Stephen Todd Ward, a neighbor of the couple. When filing her petition, Lorelle sought a temporary restraining order, which the superior court granted.

Rex Harke filed a response to Lorelle's petition. Rex attached to his response the charging information related to Lorelle's 1990 first degree murder charge for the murder of her then-husband whom she claimed to have shot six times in self-defense, the Yakima County Sherriff's Office police report for her 1990 murder conviction, a newspaper article concerning Lorelle's acquittal of the 1990 murder charge, the same September

3

2022 Spokane Police Department incident report Lorelle attached to her petition, and pictures depicting bruises Lorelle left on Rex's right arm.

On October 31, 2022, the superior court conducted a hearing on Lorelle Harke's petition for the domestic violence protection order. During its ruling, the trial court found that both parties assaulted the other. The court remarked:

> The Court does believe that two assaults occurred and the Court does believe that it has legal authority under 7.105.210 to grant full protection order for Ms. Harke and a temporary order for Mr. Harke.

Clerk's Papers (CP) at 109. As to an assault by Rex on Lorelle, the superior court commented:

> The Court finds that the hip check did occur. The Court does believe Ms. Harke that that did occur and the Court would, under the circumstances, find that an unduly sensitive person, a person who is not unduly sensitive would be offended whether or not any injury actually occurred.

CP at 108.

After finding reciprocal assaults, the court realigned the parties, with Rex Harke becoming the petitioner and Lorelle Harke the respondent. The trial court granted Lorelle a permanent protection order against Rex and a temporary order in favor of Rex against Lorelle. The temporary order restraining Lorelle lasted until Rex had an opportunity to prepare a petition for permanent protection. The superior court never wrestled with the question of whether a court should realign parties when both parties are a perpetrator and victim of an assault.

4

The written order protecting Lorelle Harke from Rex Harke expired in one year or on October 31, 2023. We do not know if Lorelle renewed the order in October 2023.

On November 10, 2022, Rex Harke petitioned the superior court for a permanent order of protection against Lorelle Harke. The petition listed Rex as petitioner, and he filed the petition under the same cause number as Lorelle's petition. On November 17, the superior court extended the temporary order that it entered on October 31 until a hearing on December 1, 2022. The record does not show what occurred thereafter.

## LAW AND ANALYSIS

### Mootness

On appeal, Rex Harke assigns error to the trial court entering a permanent domestic violence protection order against him after realigning him as the petitioner and Lorelle as the respondent. We recognize that the appeal may be moot because the order against Rex may have expired on October 31, 2023. We decide to address the appeal anyway.

Generally, we will dismiss an appeal when only moot or abstract questions remain or when the issues raised in the trial court no longer exist. *In re Detention of M.K.*, 168 Wn. App. 621, 625, 279 P.3d 897 (2012). We consider a case moot when a controversy no longer lies between the parties, all questions are merely academic, or a substantial question no longer exists. *Pentagram Corp. v. City of Seattle*, 28 Wn. App. 219, 223, 622 P.2d 892 (1981). Nevertheless, we may consider an otherwise moot case that involves an

issue of continuing and substantial public interest. *Thomas v. Lehman*, 138 Wn. App. 618, 622, 158 P.3d 86 (2007). To determine whether a case involves the requisite public interest, we consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination to provide future guidance to public officers, and (3) the likelihood that the question will recur. *Thomas v. Lehman*, 138 Wn. App. 618, 622 (2007).

This appeal concerns a trial court's authority under RCW 7.105.210, a subject yet to be addressed by Washington case law. Domestic violence is common and petitions for domestic violence protection orders fill Washington courts. The circumstances giving rise to this appeal will repeat themselves and may avoid review because of the expiration of many orders after one year.

Realignment

RCW 7.105.210 allows a superior court to realign the parties to a petition for a domestic violence protection order when the court deems the respondent to be the victim and the petitioner to be the perpetrator of the violence. The statute declares:

> In proceedings where the petitioner is seeking a domestic violence protection order or an antiharassment protection order, the court may realign the designation of the parties as "petitioner" and "respondent" where the court finds that the original petitioner is the abuser or harasser and the original respondent is the victim of domestic violence or unlawful harassment. The court may issue a temporary protection order in accordance with this chapter until the victim is able to prepare a petition for a protection order in accordance with this chapter.

No. 39365-8-III,
*Harke v. Harke*

RCW 7.105.210.

RCW 7.105.210 assumes that the respondent is the only victim and the petitioner is the only perpetrator. The use of definite article "the" instead of the indefinite articles "a" and "an" indicates that the legislature meant for a single victim and a single perpetrator once realignment is ordered. The legislature expressed no intent for a realignment when both parties function as the perpetrator and serve as the victim.

Under RCW 7.105.210, the court may grant a temporary protection order in favor of the party realigned as petitioner/victim and allow him or her the opportunity to submit a petition that complies with the requirements of chapter 7.105 RCW. Although the statute does not expressly preclude the grant of the original petitioner's protection order when granting an order in favor of the respondent, such an order after realignment would mean the original petitioner is still considered a victim, which would render realignment meaningless if the original respondent should be realigned as the victim.

Rex Harke argues that the trial court lacked authority to impose an order restraining him from contact with Lorelle because the court realigned him as the petitioner. Rex contends that, in addition to RCW 7.105.210, RCW 7.105.100 sanctions an order of protection only in favor of a petitioner. The latter lengthy statute, which defines the various types of protection orders, assumes that the order will be entered in favor of the petitioner, not a respondent. The statute does not expressly allow the court to

7

enter an order in favor of the respondent against the petitioner. Nevertheless, the statute nowhere explicitly precludes an order of protection in favor of the respondent.

As part of his appeal, Rex Harke suggests that, because of the trial court's realignment of the parties, the court must have deemed him to be the sole victim of an assault. He adds that the purpose behind the realignment provision in RCW 7.105.210 is to afford one the right to self-defense and to assert this right when sued for a protection order. He implies that the trial court must have found that he shoved Lorelle Harke only in self-defense.

We recognize the anomaly created by the trial court's realigning of the parties when the court entered an order in favor of Lorelle Harke against Rex. But this inconsistency does not mean the court committed reversible error when entering an order against Rex. The inconsistency can be resolved with other measures from this court.

The trial court found Rex Harke to have been a perpetrator of violence against Lorelle and that Rex did not act solely in self-defense. Rex does not assign any error to a finding that he was a perpetrator and Lorelle was a victim. To the contrary, instead of including a section entitled "assignments of error" in his brief, he inserts a section entitled "potential" error by the court and confusingly writes "[b]y apparently not finding that Mr. Harke's actions were in self-defense and thereby did not qualify as an assault on Ms. Harke." Appellant's Br. at 7. Rex provides no analysis in his brief challenging a finding of his assault against Lorelle.

8

Regardless, the evidence supported a finding that Rex Harke assaulted Lorelle Harke. Based on the testimony of Lorelle, the trial court could have reasonably found that the shove from Rex went beyond any steps needed to stop Lorelle from gouging Rex's arm. The test for determining the sufficiency of evidence is whether any rational trier of fact could find the event occurred after viewing the evidence in a light most favorable to the prevailing party. *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019). We resolve all reasonable inferences based on the evidence in favor of the prevailing party and interpret inferences most strongly against the challenger. *State v. Scanlan*, 193 Wn.2d 753, 770 (2019).

The superior court committed error when realigning the parties. Nevertheless, some errors are harmless. A harmless error is a trivial, formal, or academic error that did not prejudice the substantial rights of the party assigning it and did not impact the final outcome of the case. *Budd v. Kaiser Gypsum Co.*, 21 Wn. App. 2d 56, 79, 505 P.3d 120 (2022). In reviewing a case on appeal, courts look to the effect of an alleged error rather than to the fact that an error was committed. *Davidson Fruit Co. v. Produce Distributors Co.*, 74 Wash. 551, 555, 134 P. 510 (1913). The error committed by the superior court was formal and procedural in nature. We can correct the error while retaining Lorelle Harke's substantive right to a protection order based on the trial court's finding of an assault.

9

The superior court should not have realigned Rex Harke as petitioner and Lorelle Harke as respondent. Instead, the court should have retained Lorelle as petitioner and Rex as respondent but added that Lorelle was also counter-respondent and Rex counter-petitioner similar in nature to counterclaimant and counter-defendant under CR 13, which permits counterclaims by the defendant.

When resolving statutory questions, we should be guided by reason and common sense. *Kelso v. City of Tacoma*, 63 Wn.2d 913, 917-18, 390 P.2d 2 (1964); *Dahl-Smyth, Inc. v. City of Walla Walla*, 110 Wn. App. 26, 32, 38 P.3d 366 (2002). An appellate court must construe statutes in a way that squares with common sense and sound reasoning. *State v. Crumpton*, 369 Ga. App. 403, 893 S.E.2d 816, 821 (2023). We have a duty to consider the results and consequences of any proposed construction and not construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature as evinced by the relevant text. *State v. Crumpton*, 893 S.E.2d 816, 821 (Ga. Ct. App. 2023). We should interpret statutes with practicality, not technicality, and toward the goal of wise policy, not mischief or absurdity. *Spencer v. City of Palos Verdes Estates*, 88 Cal. App. 5th 849, 869, 304 Cal. Rptr. 3d 880 (2023).

Hearings under the new civil protection order, chapter 7.105 RCW, constitute "special proceedings." RCW 7.105.200. CR 81(a) overlays the Washington Civil Rules on a special proceeding. The procedures established under the chapter for protection order hearings supersede inconsistent civil court rules. RCW 7.105.200. No provision of

10

chapter 7.105 RCW precludes the superior court's action at its own initiative to add the label counter-respondent to the petitioner and counter-petitioner to the respondent. Under RCW 7.105.200, courts should evaluate the needs and procedures best suited to individual hearings based on consideration of the totality of the circumstances. The Civil Rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action. CR 1.

RCW 7.105.365 allows the superior court, after the issuance of a protection order, to correct clerical or technical errors in the order at any time. We remand the case to the superior court to correct the error of realignment and designate Lorelle Harke as petitioner and counter-respondent and Rex Harke as respondent and counter-petitioner.

We recognize that the legislature demands that forms prepared by the administrative office of the courts be employed by the parties and the court during a civil protection order proceeding. RCW 7.105.115. Those forms do not mention the possibility of counterclaims, counter-petitioners, and counter-respondents. We anticipate the superior courts using their wisdom to interlineate on the form pleadings and orders the rulings issued by the court.

No. 39365-8-III,
*Harke v. Harke*

CONCLUSION

We affirm the protection order entered in favor of Lorelle Harke restraining Rex Harke from contact with her. We remand to the superior court to return the alignment of the parties to Lorelle as petitioner and Rex Harke as respondent. The superior court should add the appellation of counter-respondent to Lorelle and counter-petitioner to Rex.

_____
Fearing, C.J.

WE CONCUR:

_____
Cooney, J.

_____
Pennell, J.