# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MELISSA ANNE CARTER, | No. 58653-3-II |
| Respondent, | |
| v. | |
| TIMOTHY J. KELMAN, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Timothy Kelman appeals the superior court commissioner's civil antiharassment protection order sought by his former spouse, Melissa Carter, and entered against him. Kelman argues that the trial court erred in approving the antiharassment protection order because he was not served with evidence related to the hearing and Carter perjured herself and defamed Kelman in her various filings before the court.

However, the trial court entered the protection order in July 2023, and it expired in July 2024. We hold that the appeal is moot and does not meet any of the exceptions to mootness. Accordingly, we dismiss the appeal.

## FACTS

Carter and Kelman previously were married, and they have two children together. Following the dissolution of their marriage, they were subject to a parenting plan.

On June 6, 2023, Carter filed a petition for a domestic violence protection order for her and her two children against Kelman for intimate partner violence, sexual assault, stalking, and harassment. In the petition, Carter stated that the order was immediately necessary due to an incident relating to a sleep study for one of their children and identified Kelman as a harm to himself. The trial court entered an ex parte temporary protection order the same day and set the case for a hearing on June 20. Kelman was served with the order on June 14. On June 20, the trial court reissued the temporary protection order and reset the hearing for July 11.

In support of her petition for a protection order, Carter provided letters from various people, a letter she wrote to the court, and screenshots of text messages between her and Kelman. The text messages show numerous messages between Carter and Kelman disagreeing about various issues related to their children including custody, potential relocation of residences, and general disagreements about parenting. Kelman provided similar letters from people in his life in his defense, and he wrote a letter to the court.

On July 11, 2023, the trial court entered an antiharassment protection order against Kelman. Kelman appeared at the hearing by video. The court checked a box on the form order that stated "[t]he restrained person has subjected the protected person to unlawful harassment." Clerk's Papers (CP) at 226. The court prohibited Kelman from harming Carter and required Kelman to stay 1,000 feet away from her. The court allowed an exception for Carter and Kelman to communicate regarding exchanging the children under the terms of their parenting plan, and required Kelman to be 10 feet away from Carter during the exchange of the children. The order was effective for one year, expiring on July 11, 2024.

On July 20, 2023, Kelman moved to terminate the protection order. In support of his motion, he filed another declaration with multiple screenshots of his text messages with Carter.

On August 3, after a hearing at which both Kelman and Carter appeared by video, the trial court denied Kelman's motion. The court denied the motion because there was not adequate cause to terminate and insufficient evidence to show a substantial change in circumstances. The court also stated that Kelman had "[n]ot acknowledged responsibility for the acts of sexual assault, domestic violence, stalking, or behavior that resulted in entry of the protection order." CP at 274.

Kelman appeals the civil antiharassment protective order entered against him.

ANALYSIS

The protection order at issue in this appeal expired in July of 2024. We conclude that Kelman's appeal is moot and does not involve an issue of continuing and substantial public interest that would allow us to consider the appeal.

An appeal is moot when a controversy no longer lies between the parties, all questions are merely academic, or a substantial question no longer exists. *Harke v. Harke*, 29 Wn. App. 2d 866, 872, 543 P.3d 829 (2024). Similarly, an appeal is moot if we no longer can provide effective relief. *Dzaman v. Gowman*, 18 Wn. App. 2d 469, 476, 491 P.3d 1012 (2021).

We may consider a moot appeal that involves an issue of continuing and substantial public interest. *Id.* We consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination to provide future guidance to public officers, and (3) the likelihood that the question will recur. *Id.* We do not find an exception to mootness in cases "limited to their specific facts." *State v. Beaver*, 184 Wn.2d 321, 331, 358 P.3d 385 (2015).

Here, Kelman no longer is bound by the terms of the antiharassment protection order because it expired in July 2024. There is no indication in the record that Carter renewed the

3

protection order or pursued an additional one. And the record does not reflect that Kelman has otherwise been subject to other proceedings for a violation of the protection order. Accordingly, we no longer can provide Kelman with effective relief.

This case also does not meet the exceptions to mootness that permit us to decide the appeal. Kelman's arguments on appeal are fact-intensive and specific to the application of the protection order against him, making the question presented private in nature. He argues primarily that he was denied access to evidence and that Carter committed perjury and defamation. Assuming these arguments are addressable on appeal, they are specific to the parties involved. For that reason, a decision in this case will not provide guidance to public officers and there is little likelihood that the question will recur.

Accordingly, we hold that this appeal is moot and that no exception to mootness applies.

CONCLUSION

We dismiss Kelman's appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
CHE, J.