# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Detention of: | No. 60555-4-II |
| M.G., | |
| Respondent. | UNPUBLISHED OPINION |

PRICE, A.C.J. — M.G. appeals the superior court's order imposing 180 days' involuntary commitment. M.G. recognizes that this appeal is moot, but he argues that we should exercise our discretion to review the merits—whether sufficient evidence supports one of the superior court's findings supporting involuntary commitment. The State suggests that this appeal is actually not moot but argues that we should affirm the superior court on the merits.

We disagree with both parties. We disagree with the State that this appeal is not moot, but we also disagree with M.G. that we should exercise our discretion to reach the merits. Accordingly, we dismiss M.G.'s appeal.

FACTS

In October 2021, the superior court dismissed second degree murder charges against M.G. based on his incompetence to stand trial. M.G. was civilly committed to Western State Hospital in January 2022. On June 14, 2024, the State filed a petition for an additional 180 days' commitment.

On November 14, 2024, a superior court commissioner held a hearing on the petition. The commissioner found two reasons for commitment: (1) felony charges had been dismissed and, as a result of a behavioral health disorder, M.G. continued to present a substantial likelihood of repeating acts similar to the charged criminal behavior; and (2) M.G. was gravely disabled. The commissioner ordered an additional 180 days' commitment.

M.G. filed a motion to revise the commissioner's commitment order, which was denied. M.G. appeals.

ANALYSIS

Generally, we will dismiss an appeal if it is moot. RAP 18.9(c). An appeal is moot if this court can no longer provide effective relief. *Ctr. for Biological Diversity v. Dep't of Fish & Wildlife*, 14 Wn. App. 2d 945, 985, 474 P.3d 1107 (2020).

However, even when a case is moot, we may exercise our discretion to decide the case when it presents an issue of substantial and continuing public interest. *Dzaman v. Gowman*, 18 Wn. App. 2d 469, 476, 491 P.3d 1012 (2021). We consider three factors when evaluating whether a case presents an issue of substantial and continuing public interest:

> "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination to provide future guidance to public officers, and (3) the likelihood that the question will recur."

*Id.* (quoting *Thomas v. Lehman*, 138 Wn. App. 618, 622, 158 P.3d 86 (2007)).

Here, we can no longer provide effective relief. The superior court found two grounds for civil commitment—both that M.G. was gravely disabled and that M.G. had committed a felony and there was a substantial likelihood that he would repeat similar acts. RCW 71.05.280(3), (4). On appeal, M.G. challenges only one of these findings—the finding that there was a substantial

2

likelihood of repeating similar acts. M.G. does not challenge the trial court's findings that he was gravely disabled. Thus, there are still grounds supporting the term of commitment, and the term of commitment under this order has expired. Because we cannot grant M.G. any effective relief even if we reverse the superior court's finding that there is a substantial likelihood that he will repeat similar acts, the case is moot.

The State suggests in a footnote that this case is not moot, citing *In the Matter of the Detention of M.K.*, 168 Wn. App. 621, 629-30, 279 P.3d 897 (2012). In *M.K.*, the court held that, notwithstanding that the time period for a civil commitment has usually expired prior to an appeal being heard, a challenge to such an order was generally not moot because superior courts are required to consider prior commitment orders in future commitment determinations. *Id.* In other words, effective relief could still be granted because if a commitment order was reversed, it would not be improperly considered in any future commitment hearings. *Id.* The State implies that *M.K.*'s holding applies here.

However, *M.K.*'s reasoning only applies to a case where the commitment order would be reversed in its entirety. A commitment order that was only partially reversed would still be considered in a future commitment hearing. And here, M.G. challenges only one ground supporting his commitment, so the only relief we could grant is striking that particular finding. Because the finding that M.G. was gravely disabled would remain intact, there would be no grounds for reversing the superior court's entire order. Therefore, the relief that prevented mootness in *M.K.* is not available in this case.

Notwithstanding that this appeal is moot (which M.G. concedes), M.G. still argues that we should decide this appeal because it presents an issue of substantial and continuing public interest. We disagree.

None of the factors we apply demonstrate that M.G. has raised an issue of substantial and continuing public interest. First, while issues related to civil commitment often raise questions of a public nature, M.G.'s issue is particular to the facts of his case, and he makes no arguments about the constitutionality or interpretation of the involuntary commitment statutes. Because M.G.'s argument is a factual one—that the specific facts of this case do not support a finding that there is a substantial likelihood that he will repeat similar acts—our decision would do nothing to " 'clarify the statutory scheme governing civil commitment.' " *See In re Det. of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986) (quoting *Dunner v. McLaughlin*, 100 Wn.2d 832, 838, 676 P.2d 444 (1984)). Thus, M.G.'s issue is primarily private in nature.

Second, because this case turns on the specific facts presented at the hearing, our determination would neither be generally authoritative nor would it provide future guidance to public officials.

Third, and finally, the issues raised in this appeal are unlikely to recur. Because this appeal is based narrowly on the facts and evidence presented at M.G.'s hearing, any future hearing would be based on *new* facts and evidence.

## CONCLUSION

This appeal is moot, and M.G. has not raised an issue of substantial and continuing public interest. Accordingly, we dismiss M.G.'s appeal.

No. 60555-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, A.C.J.

We concur:

GLASGOW, J.

CRUSER, J.